## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW WALLINGTON HOME, LLC, a New Jersey limited liability company; MORN1NGSIDE at WALLINGTON, LLC, a New Jersey limited liability company,** | Civil Action No.: 2:20-cv-08178 |
| Plaintiff, | |
| v. | |
| **THE BOROUGH OF WALLINGTON, and BOROUGH OF WALLINGTON PLANNING BOARD,** | |
| Defendants. | |

---

**BRIEF ON BEHALF OF DEFENDANT, BOROUGH OF WALLINGTON, IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

---

THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Defendant, Borough of Wallington

Richard Malagiere (RM-3991)
        Of Counsel

Leonard E. Seaman (LES-4799)
Richard Malagiere (RM-3991)
        On the Brief

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

LEGAL ARGUMENT ............................................................................................................... 4

      I. THE STANDARD OF REVIEW .................................................................................. 4

      II.  PLAINTIFFS' FAILURE TO IDENTIFY ANY INDIVIDUAL
      STATE ACTOR MAKES THE COMPLAINT DEFICENT UNDER
      THE MONELL STANDARD FOR §1983 CLAIMS AGAINST
      PUBLIC ENTITIES. THE FIRST AND SECOND COUNTS
      SHOULD BE DISMISSED ............................................................................................. 8

      III. COMITY AND THE TAX INJUNCTION ACT OF 1937
      MANDATE DISMISSAL OF THE TAX BASED CLAIMS IN
      THE FIRST COUNT. PLAINTIFFS CAN OBTAIN A
      PLAIN, SPEEDY, AND EFFICIENT REMEDY IN NEW JERSEY
      STATE COURT ............................................................................................................. 10

      IV. THE SECOND COUNT FAILS TO ALLEGE INTERFERENCE
      WITH A CONSTITUTIONALLY PROTECTED RIGHT BY
      INPAIRING INTRASTATE TRAVEL THOUGH FAILING TO BUILD
      A ROAD. THE SECOND COUNT SHOULD BE DISMISSED .................................... 12

      V. NONE OF THE CONDUCT ALLEGED IN THE COMPLAINT
      RISES TO THE "SHOCKS THE CONSCIENCE" LEVEL REQUIRED
      TO ALLEGE A PROCEDURAL DUE PROCESS CLAIM. THE FIRST
      AND SECOND COUNTS SHOULD BE DISMISSED ................................................. 14

      VI. AS MUNICIPAL ENTITIES, DEFENDANTS HAVE ABSOLUTE
      IMMUNITY FROM PUNITIVE DAMAGES UNDER § 1983.
      CLAIMS FOR PUNITIVE DAMAGES IN THE FIRST AND
      SECOND COUNTS SHOULD BE DISMISSED .......................................................... 16

      VII. WITH THE DISMISSAL OF THE FIRST AND SECOND COUNTS,
      THE STATE LAW CLAIM FOR UNJUST ENRICHMENT IN THE
      THIRD COUNT SHOULD BE DISMISSED DUE TO THE
      LACK OF SUPPLEMENTAL JURISDICTION ........................................................... 17

CONCLUSION ....................................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................4, 5

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................4, 5

*Bielevicz v. Dubinon,*
    915 F.2d 845 (3d Cir. 1990)......................................................................6, 8

*Borough of West Mifflin v. Lancaster,*
    45 F.3d 780 (3d Cir. 1995)...........................................................................18

*Button v. Snelson,*
    679 F. App'x 150  (3d Cir. 2017) .................................................................14

*California v. Grace Brethren Church,*
    457 U.S. 393 (1982) .....................................................................................10

*City of Newport v. Fact Concerts, Inc.,*
    453 U.S. 247 (1981) .......................................................................................7

*City of Newport,*
    453 U.S. 247 (1981) .....................................................................................16

*City of St. Louis v. Praprotnik,*
    485 U.S. 112 (1988) .......................................................................................9

*Collins v. City of Harker Heights,*
    503 U.S. 115 (1992) .....................................................................................14

*Conley v. Gibson,*
    355 U.S. 41 (1957) .........................................................................................4

*Connelly v. Lane Constr. Corp.,*
    809 F.3d 780 (3d Cir. 2016).........................................................................6

*County of Sacramento v. Lewis,*
    523 U.S. 8337 (1998) .........................................................................6, 14, 15

*De Hart v. Bambrick,*
    177 N.J. Super. 541 (App. Div. 1981).........................................................11

*Eichenlaub v. Twp. of Indiana,*
    385 F.3d 274 (3d Cir. 2004).........................................................................14

iii

*Fair Assessment in Real Estate Association, Inc. v. McNary*,
   454 U.S. 100 (1981) ...................................................................................... 6, 10, 11

*Frybarger v. N.J. Dep't of the Treasury*,
   2006 U.S. Dist. LEXIS 93365, 2006 WL 3827331 (D.N.J. December 27, 2006) ............11

*Gomez v. Toledo*,
   446 U.S. 635 (1980) ................................................................................................5

*Growth Horizons, Inc. v. Delaware County, Pennsylvania*,
   983 F.2d 1277 (3d Cir. 1993)................................................................................17

*Hardwick v. Cuomo*,
   91 F.2d 1097 (3d Cir. 1989)...................................................................................10

*Hedges v. Musco*,
   204 F.3d 109 (3d Cir. 2000)...................................................................................17

*Kneipp by Cusack v. Tedder*,
   95 F.3d 1199 (3d Cir. 1996)....................................................................................8

*Lanin v. Borough of Tenafly*,
   No. 2:12-02725 (KM)(MCA), 2014 U.S. Dist. LEXIS 256 (D.N.J. Jan. 2, 2014.......12, 13

*Lutz v. City of York*,
   899 F.2d 255 (3d Cir. 1990)................................................................................6, 12

*Monell v. Department of Social Services*,
   436 U.S. 658 (1978) .............................................................................................8, 9

*Natale v. Camden County Corr. Fac.*,
   318 F.3d 575 (3d Cir. 2003).....................................................................................8

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008).....................................................................................4

*Reagle v. Elliott*,
   80 Fed. Appx. 737 (3d Cir. 2003) ...........................................................................11

*Rivkin v. Dover Twp. Rent Leveling Bd.*,
   143 N.J. 352, cert. denied, 519 U.S. 911 (1996)........................................................5

*Rosewell v. LaSalle Nat'l Bank*,
   450 U.S. 503 (1981) ..............................................................................................10

*United Mine Workers of America v. Gibbs*,
   383 U.S. 715 (1966) ..............................................................................................17

**Statutes**

28 U.S.C. § 1341 ............................................................................................................ 10

28 U.S.C. § 1367(a) ....................................................................................................... 17

28 U.S.C. § 1367(c)(3) ................................................................................................... 17

42 U.S.C.§ 1983 .......................................................................................................... 1, 2

N.J.S.A. 59:1-1 to :12-3 ................................................................................................ 18

N.J.S.A. 59:8-8 .............................................................................................................. 18

**Rules**

*Fed. R. Civ. P.* 12 (b)(6) ................................................................................................. 4

*Fed. R. Civ. P.* 8(a)(2) .................................................................................................... 4

*N.J. Ct. R.* 4:69............................................................................................................. 11

**Treatises**

A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C.L.Rev. 431 (2008)....................................5

## PRELIMINARY STATEMENT

At its core, the Complaint in this matter alleges two forms of federal civil rights violations—retaliatory tax policy and infringement on intrastate travel. Plaintiffs assert that these purported actions by the municipal defendants denied them substantive due process under color of state law in violation of 42 U.S.C.§ 1983. However, the Complaint fails to allege sufficient facts to state any claim for which relief may be granted.

Plaintiffs have only sued municipal entities, the Borough of Wallington (the "Borough") and the Wallington Planning Board. They have not even identified any individual state actor let alone made allegations of conduct on that person's part that violate § 1983. The absence a such a state actor is fatal to their federal civil rights claims.

Further, this Court should decline to consider the tax related claims on the basis of statutory federal law and the principles of comity. Plaintiffs have access to a plain, speedy, and efficient forum in the Superior Court of New Jersey to pursue those claims.

Likewise, the claims that the Borough has impaired Plaintiffs' and others' right to travel because it will not build the road Plaintiffs' want does not amount to violation of their substantive due process rights.

Finally, the Complaint fails to plausibly plead conscience shocking behavior on Defendants' part, either through egregious conduct or denial of a fundamental right to support the substantive due process claims.

In the absence of viable federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining common law claim. The Complaint should be dismissed. Plaintiffs can pursue any remaining, potentially viable remedies in state court.

## STATEMENT OF FACTS

In their Complaint, Plaintiffs allege that they are the owners of property in the Borough of Wallington (the "Borough"). Plaintiff, Morningside at Wallington, LLC ("MSW") owns Lot 35.01 in Block 71 on the Borough tax map (Certification of Leonard E. Seaman, 9/23/2020, Exhibit A, ¶ 17) ("Complaint"). Plaintiff New Wallington Homes, LLC ("NWH") owns Lot 35.01 in Block 71 (Complaint ¶ 18).

In the First Count of the Complaint, Plaintiffs allege that the Defendants violated NWH's substantive due process rights in violation of § 1983. The claims stem from a dispute over unpaid municipal property taxes. NWH failed to pay those taxes when due from 2016 through 2018 (Complaint ¶ 37).

The Complaint alleges that the Borough failed to provide NWH with a notice of its delinquency (Complaint ¶ 39). The Borough issued a tax sale certificate for the unpaid taxes (Complaint ¶ 41). Plaintiffs allege that the Borough failed adhere to the procedural requirements of the state tax sale law with respect to notice to NWH (Complaint ¶ 42) or offering the tax sale certificate to the public, keeping the certificate for itself instead (Complaint ¶ 43). Then, to clear the cloud on its title, NWH alleges that it was forced to pay excessive interest, penalties, and fees (Complaint ¶¶ 44-47). NWH paid all those amounts to redeem its interest in the property (Complaint ¶ 49).

All this conduct is alleged to have been done by the Borough deliberately and with malice (Complaint ¶ 61) for revenge (Complaint ¶ 64), to make sure that NWH lost its property and could not provide low income housing (Complaint ¶ 65) and prevent construction of affordable housing at all costs (Complaint ¶ 66) in order to discriminate against poor minority families (Complaint ¶ 67). NWH asserts that this conduct violated § 1983 by depriving it of

substantive due process under color of state law (Complaint ¶ 69). NWH seeks compensatory and punitive damages.

In the Second Count of the Complaint, both Plaintiffs assert that they have been deprived of substantive due process rights under color of state law (Complaint ¶ 86). These allegations stem from the Borough's purported failure to dedicate its right of way over another property in the Borough to build a public throughfare that Plaintiffs claim would afford them and other residents with more convenient access to the train station in the neighboring municipality (Complaint ¶ 50). Plaintiffs allege that they and other residents must "drive through residential areas which increases the likelihood for accidents, children being hit by cars and criminal activity" (Complaint ¶ 51) They surmise that "[i]f the right of way was dedicated as a roadway, access to the Train Station would not longer pass through residential areas but rather would pass through commercial properties" (Complaint ¶ 52). Yet, Plaintiffs claim that despite their demands, both the Borough and its co-defendant, the Borough Planning Board, "have steadfastly refused to dedicate the right of way as a roadway" (Complaint ¶ 53). They assert that Defendants refusal is motivated to limit those Defendants deem undesirable, including minorities, from entering the Borough (Complaint ¶ 54). Again, Plaintiffs further allege that this conduct is in retaliation for Plaintiffs' efforts to build low income housing (Complaint ¶ 56).

Plaintiffs seek injunctive relief, requiring Defendants to provide access to public transportation by building a road over its right of way (Complaint ¶ 87) along with an award of both compensatory and punitive damages.

## LEGAL ARGUMENT

### I. THE STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P.* 12 (b)(6), a court must accept all well-pleaded allegations in the complaint as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).

Under *Fed. R. Civ. P.* 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Rule* 8 does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 557.

In *Twombly*, the Supreme Court clarified the *Fed. R. Civ. P.* 12(b)(6) standard. Specifically, the *Twombly* Court "retired" the language contained in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 546 (quoting *Conley*, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 548.

Under *Twombly*, a civil complaint must go beyond providing mere notice — it must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

570 (2007). As observed by one commentator: "Notice pleading is dead. Say hello to plausibility pleading." A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C.L.Rev. 431, 431-32 (2008).

As the Supreme Court explained in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555 (citations omitted). Therefore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 548.

In explaining what "plausibility" means, the Court said, as to claims asserted under Rule 8, that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).

Regarding each of the claims under 42 U.S.C. §1983, Plaintiffs must allege (1) that some "person" has deprived it of a federal right; and (2) the "person" was acting under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Upon identifying the person acting under color of law that caused an alleged deprivation of rights, Plaintiffs must next identify the "right, privilege or immunity secured to the claimant by the Constitution or other federal laws." *Rivkin v. Dover Twp. Rent Leveling Bd.*, 143 N.J. 352, 363, cert. denied, 519 U.S. 911 (1996). "This second step is necessary because § 1983 'is not itself a source of substantive rights,' but merely provides 'a method [for] vindicating federal rights elsewhere conferred.'" *Id.* (internal citation omitted).

The Third Circuit has prescribed three steps that district courts must take to determine if a complaint is sufficient under *Twombly* and *Iqbal*. First, the court must take note of the elements

the plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations and internal quotations omitted).

In the instant case, Plaintiffs fail to meet this pleading standard as to both of their federal civil rights claims in Counts One and Two. The bulk of their "claims" are nothing more than inuendo and conclusionary assertions about the malicious intentions of governmental bodies which is not entitled to an assumption of truth.[1] The few well-pleaded factual allegations fail to state a claim.

Plaintiffs have failed to identify an "individual" who acted under color of law to deprive them of a property right and their allegations against the Borough fail to include the required elements for municipal liability under § 1983 or adequately plead any policy or procedure to create liability on the part of the Borough itself. See, *Bielevicz v. Dubinon,* 915 F.2d 845, 850 (3d Cir. 1990). The claims related to the Borough's tax policy and activity are not properly before this Count based on federal law and the principles of comity. See, *Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. 100, 107 (1981). Plaintiffs' allegations of infringement on the right to travel within the Borough do not rise to the level of a Constitutional right protected by § 1983. See, *Lutz v. City of York*, 899 F.2d 255, 268 (3d Cir. 1990). Even so, none of the conduct alleged meets the "shocks the conscience" level required for a substantive due process claim. See, *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). Finally, claims for punitive damages cannot be asserted against a public entity. See, *City of Newport v. Fact*

---

[1] "[A] public corporation, such as a city or other public body, by reason of its being an artificial legal entity created by law to perform limited governmental functions, cannot entertain malice, as a public corporation. *O'Connor v. Harms*, 111 N.J. Super. 22, 26 (App. Div. 1970)

*Concerts, Inc.*, 453 U.S. 247 (1981).

This Court should dismiss Counts One and Two of the Complaint and decline to exercise supplemental jurisdiction over the reaming, state law claim for unjust enrichment.

## II.  PLAINTIFFS' FAILURE TO IDENTIFY ANY INDIVIDUAL STATE ACTOR MAKES THE COMPLAINT DEFICENT UNDER THE *MONELL* STANDARD FOR §1983 CLAIMS AGAINST PUBLIC ENTITIES. THE FIRST AND SECOND COUNTS SHOULD BE DISMISSED

Plaintiffs have sued the Borough and its Planning Board rather than any of municipal officers or officials involved in the complained-of conduct. They allege that the Defendants violated constitutional provisions and attempted to deny affordable housing to low-income individuals. (Complaint ¶¶ 61-62; 75-76) Plaintiff seeks to hold the Defendants accountable under §1983. It is axiomatic under §1983 jurisprudence that none of these claims can be sustained against the Defendants. See, *Bielevicz,* 915 F.2d at 850.

Plaintiffs have brought this action against the Borough as a governmental body.  They have not named any individuals affiliated in any way—either as employees or elected officials—as defendants. Plaintiffs have also failed to articulate any claims against any individual actors as part of their allegations of the Defendants' actions.

The potential liability of a governmental body, like the Borough, under §1983 is narrow. A governmental body or agency may be sued directly under §1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). *See also Natale v. Camden County Corr. Fac.*, 318 F.3d 575, 583-84 (3d Cir. 2003).

To establish municipal liability under §1983, "a plaintiff must [first] show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz,* 915 F.2d at 850.[2]  Plaintiffs have not

---

[2] A policy is made when a decision-maker with policy making authority issues a final proclamation, policy, or edict. *Kneipp by Cusack v. Tedder*, 95 F.3d 1199, 2012 (3d Cir. 1996).  A custom is a course of conduct by government officials that, although not officially authorized, is so permanent and well settled that it essentially constitutes law.

done this with either of their constitutional claims.

Under Supreme Court decisional law, municipal liability may be based on (1) an express municipal policy, such as an ordinance, regulation, or policy statement (*Monell* 436 U.S. at 690); (2) a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law" (*City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)) or (3) the decision of a person with "final policymaking authority." *Id.* at 142  The Complaint fails to set forth any of these as a basis for liability. It does not allege that an express ordinance, regulation, or policy statement. It does not allege any widespread practice. It does not identify any individual implementing final policymaking action. The Complaint is deficient in stating a claim under *Monell*. It should be dismissed.

---

95 F.3d at 2012.

### III. COMITY AND THE TAX INJUNCTION ACT OF 1937 MANDATE DISMISSAL OF THE TAX BASED CLAIMS IN THE FIRST COUNT. PLAINTIFFS CAN OBTAIN A PLAIN, SPEEDY, AND EFFICIENT REMEDY IN NEW JERSEY STATE COURT

The Tax Injunction Act of 1937 (the "TIA") prohibits federal courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act "embodied Congress' decision to transfer jurisdiction over a class of substantive federal claims from the federal district courts to the state courts, so long as state-court procedures were 'plain, speedy and efficient.'" *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 515 n.19 (1981).

While the TIA only prohibits declaratory relief in state tax cases, *Hardwick v. Cuomo*, 91 F.2d 1097, 1104 (3d Cir. 1989), the Supreme Court has held that the principle of comity supplements the TIA and bars federal courts from awarding monetary damages in state tax disputes. *McNary*, 454 U.S. at 107.

In *McNary*, the Supreme Court reasoned that permitting § 1983 suits challenging the validity of state tax assessments "would intrude on the enforcement of the state [taxation] scheme" and have a "chilling effect" on officials enforcing the tax laws. *McNary*, 454 U.S. at 114-15. Echoing the requirements of the TIA, the Court declared that such suits must be brought in state court so long as the state's remedies "are plain, adequate and complete." *Id.* at 116.

The exceptions to the rule barring federal courts from asserting jurisdiction over state tax disputes are narrow. *California v. Grace Brethren Church*, 457 U.S. 393 (1982). The Third Circuit has set a high bar. "[T]he critical criterion as to the adequacy of the remedy available to the taxpayers is not the relief which they can obtain in [the State] proceedings, but whether [the State] provides a forum for presentation of their claims." *Hardwick*, 891 F.2d at 1106.

NWH has a forum for presentation of their claims. The Complaint alleges that the

Borough failed to adhere to the requirements of state law in imposing the tax lien, enforcing it, and collecting interest and penalties as a result (Complaint ¶¶ 42-47). NWH has a forum in the Superior Court of New Jersey, Law Division to pursue an action in lieu of prerogative writs where these claims can be litigated. *See, De Hart v. Bambrick*, 177 N.J. Super. 541, 546 (App. Div. 1981); *N.J. Ct. R.* 4:69. Thus, the Court must decline jurisdiction over NWH's state tax claims because the state gives it a procedure by which to have its claims heard and obtain a "plain, adequate, and complete remedy." *McNary*, 454 U.S. at 116. The Third Circuit has affirmed a district court's dismissal of a § 1983 claim against employees of the Division of Taxation on precisely that basis in *Reagle v. Elliott*, 80 Fed. Appx. 737, 738 (3d Cir. 2003). The availability of the specific remedy sought is not relevant. *Frybarger v. N.J. Dep't of the Treasury*, 2006 U.S. Dist. LEXIS 93365, *8, 2006 WL 3827331 (D.N.J. December 27, 2006). The First Count of the Complaint should be dismissed.

**IV. THE SECOND COUNT FAILS TO ALLEGE INTERFERENCE WITH A CONSTITUTIONALLY PROTECTED RIGHT BY INPAIRING INTRASTATE TRAVEL THOUGH FAILING TO BUILD A ROAD. THE SECOND COUNT SHOULD BE DISMISSED**

In the Second Count of the Complaint, Plaintiffs allege that the Borough has deprived them (and others) of their civil rights because the Borough will not dedicate a right of way it holds to create a pubic roadway to permit easier access to a nearby train station (Complaint ¶¶ 50-55). They allege that this conduct deprived them of substantive due process rights (Complaint ¶ 57).

In *Lutz v. City of York*, 899 F.2d at 268, the Third Circuit recognized a right to intrastate travel, subject to reasonable regulation, but the "impositions" alleged here fall far short of a constitutional impairment protected by § 1983. *Lutz* considered an anti-cruising ordinance enacted by the City of York, Pennsylvania that prohibited "driving repeatedly around a loop of certain major public roads through the heart of the city, an apparently popular activity among local youth." *Id.* at 256. The Third Circuit concluded that an unenumerated constitutional right to intrastate travel exists, growing out of substantive due process, and subject to time, place and, manner restrictions similar to *First Amendment* speech claims. *Id.*

Another Court in this District considered the implications of this constitutional right in *Lanin v. Borough of Tenafly*, No. 2:12-02725 (KM)(MCA), 2014 U.S. Dist. LEXIS 256, at *26 (D.N.J. Jan. 2, 2014). District Judge McNulty considered plaintiffs claims related to "the effects of the traffic patterns and parking practices established by Tenafly Ordinances; the presence of students and vehicles on and around the [p]laintiffs' property; flooding on their property from the [a nearby school] [p]arking lot; and the construction of sidewalks" on their street. *Lanin,* 2014 U.S. Dist. LEXIS at *2.

Relying on *Lutz*, Judge McNulty rejected the plaintiff's claims finding that they failed to

plausibly plead deprivation of a fundamental right by being cut off from the most direct route to their destination or being required to take a more roundabout route, reasoning that:

> Traffic, even if it can be attributed to poor public planning, is not a deprivation of a fundamental right. Nor does it violate any fundamental right to require that auto traffic, at certain times of day, take a route that turns out to be more circuitous when viewed from the perspective of a particular property owner's driveway. Probably every traffic regulation inconveniences someone, while easing the path of someone else. The factual allegations of this complaint do not establish that such an inconvenience, incident to the control of traffic around a school, has burdened the fundamental right to travel.

*Lanin*,  2014 U.S. Dist. LEXIS at *26.

Plaintiffs' claims here fall even shorter. Unlike *Lanin* where the complaint alleged that the defendant *took action* that made their ability to travel in the community *harder,* the Complaint in this matter alleges that the Borough has *failed to act* in a way that would make their ability to travel *easier*. The Borough's failure to build a road (over the property of another resident) is not a denial of Plaintiffs' constitutional rights. The Second Count of the Complaint should be dismissed.

**V. NONE OF THE CONDUCT ALLEGED IN THE COMPLAINT RISES TO THE "SHOCKS THE CONSCIENCE" LEVEL REQUIRED TO ALLEGE A PROCEDURAL DUE PROCESS CLAIM. THE FIRST AND SECOND COUNTS SHOULD BE DISMISSED**

In *County of Sacramento v. Lewis*, 523 U.S. at 847 the Supreme Court ruled that the substantive due process standard depends on whether the plaintiff is challenging legislative action or executive action and, if the challenge is to executive action, the type of executive action. When, as in *County of Sacramento*, the challenge is to executive action, the question is whether the government action is shocking to the judicial conscience. *See also Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992).

"What shocks the conscience is only the most egregious official conduct." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (*quoting UA Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)) (internal quotations omitted). The test is "not precise" and "varies depending on the factual context." *Id.* (*citing County of Sacramento v. Lewis*, 523 U.S. at 847 and *United Artists*, 316 F.3d at 400). The Third Circuit has indicated that "corruption or self-dealing" or "some bias against an ethnic group" may shock the conscience. *Id.* at 286. However, "merely negligent or sometimes contentious performance of official duties … does not shock the conscience" *Button,* 679 F. App'x at 154.

The Complaint fails to plausibly plead factual allegations of conscience shocking conduct. While the Complaint pays lip service to bias against an ethnic group (Complaint ¶¶ 67, 78-83), the allegations amount to nothing more than baseless conclusions that are not entitled to consideration under *Connelly.* There is no reason for this Court to conclude that the Borough's enforcement of its tax policy or its refusal to build a road over private property is motivated by some amorphous racial bias because minorities have low incomes and reside in low income housing that Plaintiffs want to build (Complaint ¶¶ 67, 78-83). Plaintiffs have not plausibly

pleaded any facts to support this, nor have they alleged any corruption or self-dealing by any Borough official that would amount to conscience shocking behavior.

Since the Complaint cannot satisfy the standard established by *County of Sacramento* to state a substantive due process claim, Counts One and Two should be dismissed.

**VI. AS MUNICIPAL ENTITIES, DEFENDANTS HAVE ABSOLUTE IMMUNITY FROM PUNITIVE DAMAGES UNDER § 1983. CLAIMS FOR PUNITIVE DAMAGES IN THE FIRST AND SECOND COUNTS SHOULD BE DISMISSED**

In *City of Newport*, 453 U.S. 247 (1981), the Supreme Court held that punitive damages cannot be awarded against a municipal entity. The Court found that municipal entities are immune from punitive damages under § 1983 finding that:

> considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials. Because absolute immunity from such damages obtained at common law and was undisturbed by the 42d Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U. S. C. § 1983.

*Newport,* 453 U.S. at 271,

This absolute immunity applies to the Borough here. Plaintiffs cannot recover the punitive damages sought in Counts One and Two. At a minimum, those aspects of those counts should be dismissed.

16

## VII. WITH THE DISMISSAL OF THE FIRST AND SECOND COUNTS, THE STATE LAW CLAIM FOR UNJUST ENRICHMENT IN THE THIRD COUNT SHOULD BE DISMISSED DUE TO THE LACK OF SUPPLEMENTAL JURISDICTION

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) in, among other reasons, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) *see also United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Even if the requirements of subsection (c) are met, however, this Court may elect to retain supplemental jurisdiction provided that "judicial economy, convenience and fairness to litigants" require it. *Gibbs*, 383 U.S. at 726; *see also Growth Horizons, Inc. v. Delaware County*, *Pennsylvania,* 983 F.2d 1277, 1284 (3d Cir. 1993) (citing same for the proposition that "in making its determination [to decline to exercise jurisdiction pursuant to § 1367(c)(3)], the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants"). However, "if these [factors] are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." *Gibbs*, 383 U.S. at 726. The Third Circuit has held that unless these factors "'provide an affirmative justification for doing so[,]'" a district court "'must decline to decide the pendent state claims'" if'" the claim over which the district court has original jurisdiction is dismissed before trial[.]'" *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (*quoting Borough of West*

17

*Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added)).

Dismissal of Plaintiffs' federal civil rights asserted in the First and Second Counts also mandates dismissal, albeit without prejudice, of its state law claims in the remainder of the Complaint for unjust enrichment. Like the tax related claims in the First Count, Plaintiffs should be directed to pursue all available common law tort claims in New Jersey State court, subject to their compliance with the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to :12-3, including the notice of claim provisions of N.J.S.A. 59:8-8.

**<u>CONCLUSION</u>**

For the reasons set forth above, it is respectfully submitted that this Court should dismiss the federal civil rights claims in the Complaint (the First and Second Counts) because they fail to meet the *Monell* standard, comity requires abstention on the tax based claims of the First Count, Plaintiffs have not alleged a constitutionally protected right to make the Borough build them a road (Second Count), none of the behavior plausibly pleads conscience shocking conduct in either the First or Second Count, the Borough as a municipal defendant is immune from punitive damages sought in the First and Second Counts, and this Court should entertain supplemental jurisdiction over any remaining state law claims.

<div style="margin-left:40%">

s/ Richard Malagiere
Richard Malagiere
Leonard E. Seaman
THE LAW OFFICES OF RICHARD MALAGIERE, PC
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
(201) 440-0675
rm@malagierelaw.com
les@malagierelaw.com
Attorneys for Defendant, Borough or Wallington
Dated: September 23, 2020

</div>