

**JAMES DIGIULIO**
jdigiulio@oslaw.com

June 7, 2024

**Via CM/ECF**
Hon. Andre M. Espinosa, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 2D
Newark, New Jersey 07101

    **Re:** *New Wallington Home, LLC, et al. v. Borough of Wallington, et al.*
       Civil Case No.: 20-08178 (CCC) (AME)

Dear Judge Espinosa:

  Our firm represents Plaintiffs. This letter is sent jointly with counsel for Defendants in advance of the telephonic status conference scheduled before Your Honor on June 12, 2024, at 10:30 a.m.

  By way of background, for almost a year the parties have been negotiating a comprehensive settlement agreement, which included a payment in lieu of taxes for plaintiffs and additional terms to resolve all claims. Because the primary defendant is a municipality, the settlement needed final approval from the Borough Council.

  Ultimately, a global settlement could not be accomplished, and on February 2, 2024, the undersigned wrote to inform the Court of a likely partial settlement of the Tax Issues in the Complaint, pending final approval from the Borough Council at a February 22, 2024, public meeting. We were informed that the vote to approve never occurred and was re-scheduled for April 11, 2024, which did not occur.

  On May 10, 2024, the Court held a status conference, during which the Borough was given 30 days to finalize the settlement, or otherwise discovery would commence immediately. The Court entered an order dated May 10, 2024, memorializing this decision. (ECF 86). Since the May 10, 2024, status conference, Plaintiffs' counsel has not been contacted, alerted of any vote to approve the settlement, or given any indication of anything being accomplished by the Borough over the last 30 days. At this point, the Borough clearly has no intention of even placing the settlement agreement, which was signed months ago by Plaintiffs, up for a Borough Council vote. Accordingly, Plaintiffs respectfully requested that discovery be commenced immediately, and a new Case Management Order be entered setting tight timelines to complete discovery.

Hon. Andre M. Espinosa, U.S.M.J.
June 7, 2024
Page 2

      Defendants remain interested in resolving the matter globally. Defense counsel has been in communication with the Borough Attorney and Tax Attorney, who continue to seek the necessary approvals from the Mayor and Council for the settlement. Nonetheless, Defendants are prepared to proceed with discovery. Additionally, Defendants request that their previously filed motion to dismiss be heard by the Court.

      As requested by the Court, the parties propose the following schedule for the completion of discovery:

(1) Service of written discovery demands by no later than June 26, 2024, with a maximum of 30 interrogatories by each party to each other party;
(2) Responses to written discovery to be served by no later than August 26, 2024;
(3) Fact depositions to be completed by no later than September 20, 2024;
(4) Motions to amend or to add parties filed by no later than August 16, 2024;
(5) Factual discovery to be completed by no later than October 4, 2024;
(6) Plaintiff's expert report(s) due by no later than October 18, 2024;
(7) Defendants' expert report(S) due no later than November 22, 2024.
(8) Expert depositions to be completed by no later than December 31, 2024; and
(9) Dispositive motions to be served within 30 days of December 31, 2024.

    Thank you.

                                    Respectfully submitted,

                                      */s/ James DiGiulio*
                                      James DiGiulio

cc: All Counsel of Record (via ECF)