## PFUND MCDONNELL, P.C.
### ATTORNEYS AT LAW

DAVID T. PFUND #

MARY C. MCDONNELL #

GERALD A. SHEPARD

_____

ROBERT PRINGLE

DAVID GUZIK

# ALSO MEMBER OF NEW YORK BAR

139 PROSPECT STREET
SECOND FLOOR
RIDGEWOOD,  NEW JERSEY
07450

Tel: (201)857-5040
Fax: (201) 857-5041
www.pfundmcdonnell.com

MORRIS COUNTY OFFICE
2001 US Hwy 46
Suite 104
Parsippany, NJ 07054

NEW YORK OFFICE
170 Old Country Road
Suite 608
Mineola, NY 11501

December 19, 2024

**Via CM/ECF**
Hon. Andre M. Espinosa, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 2D
Newark, New Jersey 07101

> **Re:**   ***New Wallington Home, LLC, et al. v. Borough of Wallington, et al.***
> **Civil Case No.: 20-08178 (CCC) (AME)**

Dear Judge Espinosa:

This firm represents the Defendants in the above-referenced matter.  As per Your Honor's prior Orders the parties have exchanged written discovery responses and Defendants have produced five (5) witnesses for depositions.  Plaintiff's deposition is scheduled to occur on January 22, 2025.

One issue has arisen with respect to the deposition of Defendant Borough of Wallington's Borough Designee as per FRCP 30(b)(6).  Plaintiff issued deposition notices for, *inter alia,* Defendant Borough of Wallington's current Business Administrator, Jennifer Appice and a Borough Designee pursuant to FRCP 30(b)(6).  Prior to Ms. Appice's deposition on December 3, 2024, Defendant Wallington designated Ms. Appice as the Borough designee with respect to specifically identified topics in Plaintiff's deposition notice.

By way of background, Ms. Appice has been the Borough Administrator for only one year, well after Plaintiff initiated this lawsuit on December 7, 2020.  Moreover, there has been other turnover within the Borough since Plaintiff's filing including multiple Borough Administrators, council members, and other employees of the Borough.  Additionally, two of the named defendants, former Mayor Mark Tomko and tax collector, Dorothy Siek have passed away. Accordingly, identifying any person within the Borough with contemporaneous knowledge of the facts giving rise to this matter and/or the topics identified in Plaintiff's deposition notice has been challenging.

During Ms. Appice's deposition on December 7, 2020, it became apparent that Ms. Appice lacked the background and knowledge to provide testimony as the Borough Designee under FRCP 30(b)(6). During the deposition, off the record, I spoke with Plaintiff's counsel regarding Ms. Appice's lack of background and knowledge to testify as the Borough Designee. As I understood, we would provide another individual to testify as the Borough Designee. With that understanding, I conferred with the Borough Attorney and met with Councilman Gene Rachelski to discuss producing him as the Borough Designee. Mr. Rachelski was previously deposed in this matter in his capacity as a councilman with the Borough of Wallington. Mr. Rachelski has served as a councilman since 2016 and is familiar with the facts regarding this matter. Mr. Rachelski agreed to serve as the Borough Designee.

On December 13, 2024, I advised Plaintiff's counsel by email that I met with Mr. Rachelski and that he could testify as the Borough designee for certain designated topics. However, Plaintiff advised that he could not consent to our office producing Mr. Rachelski as the Borough designee.

Based on the foregoing, it is respectfully requested that Defendant Borough of Wallington be permitted to change its Borough designee to Gene Rachelski for the topics previously identified by the undersigned and Defendant shall produce a separate Borough designee for the remaining tax related topics no later than January 31, 2025.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

**GERALD A. SHEPARD**

GS
cc: James DiGiulio, Esq.