# O'TOOLE SCRIVO

### A Limited Liability Company

**James DiGiulio**
jdigiulio@oslaw.com

December 20, 2024

**Via CM/ECF**
Hon. Andre M. Espinosa, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 2D
Newark, New Jersey 07101

      Re:    *New Wallington Home, LLC, et al. v. Borough of Wallington, et al.*
                Civil Case No.: 20-08178 (CCC) (AME)

Dear Judge Espinosa:

      This firm represents Plaintiffs in this matter. We write in response to Defendants' December 19, 2024, correspondence to the Court seeking leave to designate a second 30(b)(6) witness for topics already testified to by another properly designated 30(b)(6) witness. [ECF 98.]

      On July 26, 2022, Plaintiffs served Defendants with deposition notices, including a 30(b)(6) notice for a designated representative of the Borough of Wallington. Following extended settlement discussions, Plaintiffs re-issued the deposition notices on August 15, 2024.

      Pursuant to direction provided by the Court at a status conference, on September 24, 2024, Plaintiffs re-issued the deposition notices for depositions to commence on October 24, 2024, and continue on October 25, 28, 29, 30 and November 1, 2024. The September 24, 2024, 30(b)(6) notice contained 10 topics. After failing to receive confirmation from Defendants, Plaintiffs' counsel wrote to the Court seeking intervention. [ECF 91.] In response, the Court compelled Defendants' to provide deposition dates for the noticed witnesses. [ECF 92.]

      Despite the issuance of a 30(b)(6) notice in July 2022, it was not until October 31, 2024, that the Borough finally designated Jennifer Appice, the Borough Administrator, as the Borough's designee. The designation of Ms. Appice seemed appropriate because on September 12, 2024, Ms. Appice signed the Borough's answers to Plaintiffs' First Set of Interrogatories, under oath, in which it was stated that the answers were based "upon such investigation and other sources as I believe to be reliable."

      However, to this point, the Borough still did not clearly designate Ms. Appice for all 10 topics. On November 8, 2024, Plaintiffs' counsel sought an express designation of Ms. Appice as the corporate designee on all 10 topics. Then, on November 11, 2024, the previously confirmed

December 20, 2024
Page 2

deposition of Ms. Appice on November 12, 2024, was adjourned to allow her to prepare as a corporate designee witness. Eventually, Ms. Appice's deposition as a 30(b)(6) witness was confirmed for December 3, 2024. Thus, Ms. Appice had almost three additional weeks to prepare for her deposition.

As late as December 2, 2024, the Borough had still not clearly articulated the topics for which Ms. Appice would be testifying. At 12:12 p.m. on December 2, 2024, the day before the deposition, Ms. Appice was identified as the Borough's 30(b)(6) witness for all 10 topics in the notice. Later that day, Plaintiffs' counsel was informed that Ms. Appice would not be designated for all topics, but instead a sub-set of the topics. Based on these representations, and the extensive amount of time the Borough had to prepare Ms. Appice, the deposition proceeded on December 3, 2024. [A copy of Ms. Appice's deposition transcript is attached hereto as Exhibit A.]

During the deposition Ms. Appice confirmed, under oath, without objection from counsel, that she was the Borough's corporate designee for topics 1, 5, 6, and 10. [T21:1 to 22:9.] Thereafter, Ms. Appice testified that the only document she reviewed in preparation for the corporate designee deposition was one Borough resolution. [T26:5-20.] Ms. Appice confirmed, under oath, that she did not review any other documents to prepare. In fact, she did not even review the Borough's answer to the complaint. She also confirmed she did not speak to any council members or employees of the Borough to prepare for the deposition. [T27:2-7.]

When asked if she knew anything about the crux of this case – the repeated denials of Plaintiffs' development applications – Ms. Appice said other than reviewing one resolution she was not aware of any other pertinent facts or defenses. [T29:12-22.] When asked if she knew the basis of Plaintiffs' claims or Defendants' defenses, she had no understanding and did not even read the complaint (or answer):

> Q. So do you have any understanding, other than that there's discrimination alleged, as to what the basis of the discrimination is?
>
> A. No.
>
> Q. You do not. Okay. And I just want to make sure we're absolutely clear. You've never read this complaint?
>
> A. Correct. No.
>
> [T30:14-21.]

Therefore, Ms. Appice confirmed that the Borough has: (1) no knowledge related to the lawsuit, (2) no legitimate basis for denying Plaintiffs' development projects for over a decade; and (3) no defense to Plaintiffs' claims.

December 20, 2024
Page 3

Furthermore, Ms. Appice confirmed that she conducted no investigation prior to signing the Borough's interrogatory responses under oath:

> Q. Okay. Now, these answers -- in the certification on the last page it says the answers are not based on your personal knowledge, but, instead, upon investigation and other sources I believe to be reliable; do you see that?
>
> A. Yes.
>
> Q. Okay. Do you recall what investigation, if any, you did to ensure these answers were accurate?
>
> A. This was a discussion with the Borough's – borough attorney.
>
> Q. Okay. Did you do any independent investigation other than speaking with counsel?
>
> A. No.
>
> Q. Okay. Did you review any documents before you signed this document?
>
> A. No.
>
> [T38:4-18.]

In the middle of the deposition, Defendants' counsel did raise a concern about Ms. Appice's testimony. During that conversation, counsel mentioned designating yet another witness to act as corporate designee. The undersigned acknowledged her lack of preparation and knowledge, but needed to continue the deposition, and did so. At the end of the deposition, the undersigned suggested Defendants' counsel let me know what he intended to do, and we would respond accordingly. At no time was there an explicit agreement that the Borough could designate a second witness for the same topics and Ms. Appice's testimony, that took months to procure, could be set aside. To be clear, Plaintiffs do not agree to this extraordinary relief.

Federal Rule 30(b)(6) permits a party to take the deposition of a public entity. As long as the topics for examination are relevant pursuant to Federal Rule 26(b)(1), the entity is responsible for designating one or more individuals to testify on its behalf. *Sanofi-Aventis v. Sandoz, Inc.*, 272 F.R.D. 391, 393 (D.N.J. 2011). Once an entity is named as a deponent, it must take steps to identify the necessary individual(s) who must "testify as to matters known or reasonably available to the corporation." *Reichold, Inc. v. United States Metal Refining Company, et al.*, No. 03-453 (DRD), 2007 U.S. Dist. LEXIS 34284, at *1 (D.N.J. May 10, 2007). "The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary, the deponent must use documents, past employees or other resources

to obtain responsive information." *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007). Therefore, selecting and preparing a 30(b)(6) witness can be burdensome and may require the review of voluminous documents. *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012).

"The fact that an organization no longer has a person with knowledge on the designated topics does not relieve an organization of the duty to prepare a Rule 30(b)(6) designee." *Yerkes v. Weiss*, 2019 U.S. Dist. LEXIS 237760, *7-8 (D.N.J. September 30, 2019) (AMD) (quoting G*reat Am. Ins. Co. of New York*, 251 F.R.D. at 539. "[I]t is not uncommon to find that a corporation no longer employs individuals who have memory of distant events, or to find that individuals with knowledge are deceased. These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id*.

"If a deponent fails to satisfy Rule 30(b)(6) by refusing to designate a witness or producing an unprepared witness, the court may order sanctions, including the preclusion of evidence." *United States v. Hovnanian*, 2022 U.S. Dist. LEXIS 16699 (D.N.J. January 31, 2022) (LHG) (*citing Keepers, Inc. v. City of Milford*, 807 F.3d 24, 36 (2d Cir. 2015)). Courts have found that if a 30(b)(6) deponent is unable to answer questions regarding a noticed topic, the corporate deponent "will not be allowed effectively to change its answer by introducing evidence during trial." *Ierardi v. Lorillard, Inc.*, No. 90-7049, 1991 U.S. Dist. LEXIS 11320, at *3 (E.D. Pa. Aug. 13, 1991); *see also U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) ("[I]f a party states it has no knowledge or position as to a set of alleged facts or area of inquiry at a Rule 30(b)(6) deposition, it cannot argue for a contrary position at trial without introducing evidence explaining the reasons for the change.").

Despite having a 30(b)(6) notice for over two years, and rescheduling Ms. Appice's deposition for her to prepare as a corporate designee, Ms. Appice was woefully unprepared – this does not appear to be disputed. Ms. Appice's testimony, or lack thereof, is binding on the Borough – this also does not appear to be disputed.

Instead, the Borough asks, with no legal support, for a "do over." They would like a second deponent to testify on behalf of the Borough on the same exact topics. In addition to no case law being presented to support this extraordinary relief, the result would lead to absurd results. The case would have two different corporate designees, potentially providing different answers to the same questions. There is no legal basis to set aside the sworn and binding testimony of Ms. Appice.

Moreover, a second bite of the apple would be highly prejudicial. The Borough has had two years to designate and prepare a witness. The designee was not identified for years and the topics she was to be prepared for were not provided to Plaintiffs until the day before the deposition. Any harm that results from Ms. Appice's deposition testimony is the sole result of the Borough's actions (or lack thereof). Despite this, the Borough is seeking to have Plaintiffs' counsel spend the time and resources to re-prepare for a deposition, giving the Borough's new witness the benefit of seeing all of Plaintiffs' questions and the prior responses offered on behalf of the Borough. Accordingly, the requested relief should not be provided.

December 20, 2024
Page 5

To the extent the Court does intend to entertain Defendants' request, Plaintiffs respectfully request leave to file a cross-motion for sanctions against the Borough related to Ms. Appice's testimony, including but not limited to: (1) payment by the Borough of all legal fees and expenses incurred by Plaintiffs related to Ms. Appice's deposition; (2) striking the Borough's interrogatory responses signed by Ms. Appice; and (3) obtaining a ruling that Ms. Appice's testimony is binding on the Borough.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ James DiGiulio*
James DiGiulio

cc: All Counsel of Record (via ECF)