# PFUND MCDONNELL, P.C.
## ATTORNEYS AT LAW

DAVID T. PFUND #

MARY C. MCDONNELL #

GERALD A. SHEPARD

_____

ROBERT PRINGLE

DAVID GUZIK

# ALSO MEMBER OF NEW YORK BAR

139 PROSPECT STREET
SECOND FLOOR
RIDGEWOOD, NEW JERSEY
07450
_____

Tel: (201)857-5040
Fax: (201) 857-5041
www.pfundmcdonnell.com

MORRIS COUNTY OFFICE
2001 US Hwy 46
Suite 104
Parsippany, NJ 07054

NEW YORK OFFICE
170 Old Country Road
Suite 608
Mineola, NY 11501

December 23, 2024

**Via CM/ECF**
Hon. Andre M. Espinosa, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 2D
Newark, New Jersey 07101

        **Re:**   *New Wallington Home, LLC, et al. v. Borough of Wallington, et al.*
               **Civil Case No.: 20-08178 (CCC) (AME)**

Dear Judge Espinosa:

      This firm represents the Defendants in the above-referenced matter. Kindly accept the following correspondence in reply to Plaintiff's correspondence dated December 20, 2024, in opposition to Defendants request to redesignate corporate designee under Rule 30(b)(6).

      In their opposition, Plaintiff's note that it served Defendants with depositions notices on July 26, 2022. Plaintiffs fail to recall that the parties entered lengthy settlement negotiations that would facilitate Plaintiffs' development of its properties, which are the subject matter of this litigation. Then, the Court administratively terminated this matter as the parties continued their negotiations. Accordingly, Plaintiffs' insinuation that Defendants were dilatory is misguided.

      Plaintiffs' opposition suggests that Defendants refused to produce a Rule 30(b)(6) representative. However, this is inaccurate as Defendants produced Jennifer Appice the Borough Administrator. As set forth in Defendants correspondence dated December 19, 2024, the Borough of Wallington has undergone significant turnover with multiple Borough Administrators since the inception of this lawsuit.

      Moreover, the relief sought by Defendants is not as preposterous as Plaintiffs contend in their opposition. To wit, pursuant to Rule 30 (b)(6) "…[t]he named organization must designate <u>one or more</u> officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."

Rule 30(b)(6), <u>emphasis added</u>. As such, Defendants are permitted by Rule 30(b)(6) to designate more than one representative who consents to testify on behalf of the Borough. Here, Defendants have identified another individual who has consented to testify on behalf of the Borough. If Plaintiffs do not wish to depose Mr. Rachelski's as a corporate representative, that is their prerogative; however, Defendants reserve the right to call upon Mr. Rachelski to testify as to, *inter alia*, the topics identified in Plaintiffs' corporate designee notice. As evidenced by Plaintiffs' correspondence of December 20, 2024, Plaintiffs are not interested in answers to the questions regarding their topics and look to use Rules as sword than a means to pursue fact finding discovery.

Further, any relief Plaintiffs seek in pursuing a motion for legal fees/expenses associated with Ms. Appice's deposition, striking the Borough's interrogatory responses; and obtaining any rulings with respect to Ms. Appice's testimony should be denied. Plaintiffs' noticed Ms. Appice for her deposition individually. Accordingly, Plaintiffs would have incurred fees and expenses regardless and the Rules allow Defendants more than one designee.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

**GERALD A. SHEPARD**

GS
cc: James DiGiulio, Esq.