# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NEW WALLINGTON HOMES, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOROUGH OF WALLINGTON, et al., <br><br> Defendants. | **Civil Action No. 20-8178-EP-AME** <br><br> **ORDER** |

This matter is before the Court on the December 19 and 23, 2024 letter applications by Defendants Borough of Wallington; Borough of Wallington Planning Board; Mark W. Tomko; Dorothy B. Siek; and Christopher Assenheimer ("Defendants"), in which Defendant Borough of Wallington seeks leave to change its Rule 30(b)(6) designee from Business Administrator Jennifer Appice ("Appice") to Councilman Gene Rachelski for topics 1, 5, 6, and 10—after Appice was deposed on those subjects [D.E. 98 and 100], which Plaintiffs New Wallington Homes, LLC and Morningside at Wallington, LLC ("Plaintiffs") oppose. [D.E. 99]; and the Court having considered the parties' written submissions and heard arguments during a January 7, 2025 conference; and

**WHEREAS** Plaintiffs served Defendants with deposition notices, including a notice for a 30(b)(6) deposition of a designated representative for Defendant the Borough of Wallington (the "Borough") on or around July 26, 2022. [D.E. 99 at 1]; and

**WHEREAS** on October 31, 2024, the Borough identified Appice as its sole designee, but later, on December 2, 2024, the day before her deposition, stated that Appice would be its designee for only a subset of the ten noticed topics. [*See* D.E. 99 at 1-2]; and

1

**WHEREAS** Appice's deposition took place on December 3, 2024, and Appice specified that she was the Borough's 30(b)(6) designee for topics 1, 5, 6, and 10.[1] [*See* D.E. 99 at 2]; and

**WHEREAS**, according to Plaintiffs, during her deposition, Appice was unprepared and lacked knowledge about certain noticed topics. [D.E. 99 at 3]. Indeed, Defendants concede that during the deposition "it became apparent that [] Appice lacked the background and knowledge to provide testimony as the Borough Designee under FRCP 30(b)(6)." [D.E. 98 at 2]. However, in neither their written nor oral arguments do Defendants offer a persuasive explanation for their failure to prepare Appice properly, in accord with their obligation under Rule 30(b)(6);[2] and

---

[1] Rule 30(b)(6) permits a party to name a "public or private corporation ... or other entity" as a deponent so long as the notice describes the matters for examination "with reasonable particularity." To the extent the notice describes matters that are relevant under the broad scope of discovery, Fed. R. Civ. P. 26(b)(1), the entity must designate one or more individuals to testify on its behalf, and "it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). As a representative of the named deponent, the testimony of a 30(b)(6) witness is binding on the entity. *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007); *see also Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir.1993) ("[T]he corporation appears vicariously through that agent."). Although the individuals selected to testify need not have personal knowledge, Rule 30(b)(6) imposes an obligation on the entity to prepare the witnesses so that they can answer all noticed topics fully, accurately, and non-evasively. *See Harris*, 259 F.R.D. at 92 (quoting *Mitsui & Co. v. P.R. Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R.1981)); *see also Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). The witnesses must be prepared to testify to at least those topics identified in the notice. *See Bracco Diagnostics Inc. v. Amersham Health Inc.*, No. 03-6025, 2005 WL 6714281, at *2 (D.N.J. Nov. 7, 2005). This affirmative duty extends only to information "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6); 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2103, at 457 (3d ed. 2010). A corporation must educate a 30(b)(6) designee, whether from "documents, past employees, or other sources," in order to obtain responsive information. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)); *Costa v. Cnty. of Burlington*, 254 F.R.D. 187, 189 (D.N.J. 2008) (same); *Harris*, 259 F.R.D. at 92 (same). The Third Circuit has used strong language to describe a party's obligation to prepare a 30(b)(6) witness properly:

> In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it. Indeed, we believe that the purpose behind Rule 30(b)(6) undoubtedly is frustrated in the situation in which a corporate party produces a witness who is unable and/or unwilling to provide the necessary factual information on the entity's behalf. *See generally* Fed. R. Civ. P. 30 advisory committee's notes (stating that the procedure outlined in subdivision (b)(6) should be viewed as "an added facility for discovery" and would "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge" of relevant facts).

*Black Horse Lane Assoc., L.P.*, 228 F.3d at 304.

[2] Such failures typically lead to predictable and serious consequences. *See, e.g.*, *United States v. Hovnanian*, No. 18-15099, 2022 WL 279835, at *6 (D.N.J. Jan. 31, 2022) (failure to prepare 30(b)(6) witness "through investigation, document review and interviews of those with contemporaneous knowledge" warranted imposition of sanction of refusing to allow party to introduce additional evidence on four deposition topics); *QBE Ins. Corp. v. Jorda Enters.*, 277 F.R.D. 676, 700 (S.D. Fla 2012) (barring a company from testifying at trial on any matters on which its selected deponent had been unable or unwilling testify); *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.*, 250 F.R.D. 203, 217-18 (E.D. Pa. 2008) (compelling additional testimony and granting monetary sanctions where a company failed to adequately prepare its designee for deposition); *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 683, 687

**WHEREAS**, nevertheless, Defendants argue the Court should grant their request to provide another individual, specifically, Councilman Gene Rachelski, to testify as the Borough designee for topics 1, 5, 6, and 10, because Rule 30(b)(6) provides that the "organization must designate one or more officers, directors, or managing agents . . . who consent to testify on its behalf." *See* Fed. R. Civ. P. 30(b)(6);[3] and

**WHEREAS** Plaintiffs argue that allowing Defendants to designate another individual to testify on topics 1, 5, 6, and 10 would amount to providing Defendants with a "do over;" that Appice's "testimony, or lack thereof, is binding on the Borough;" and that "a second bite of the apple would be highly prejudicial." [*See* D.E. 99 at 4]. Among other authority, Plaintiffs rely on *United States v. Hovnanian*, No. 18-15099, 2022 WL 279835, at *5 (D.N.J. Jan. 31, 2022) for the proposition that "[i]f a deponent fails to satisfy Rule 30(b)(6) by refusing to designate a witness or producing an unprepared witness, the court may order sanctions, including the preclusion of evidence." Plaintiffs also argue that granting Defendants' request would "lead to absurd results," as the two different designees would "potentially provid[e] different answers to the same questions." [D.E. 99 at 4]; and

**WHEREAS** Plaintiffs' December 20 letter also requests leave to file a motion for sanctions against the Borough that include "(1) payment by the Borough of all legal fees and expenses incurred by Plaintiffs related to [] Appice's deposition; (2) striking the Borough's interrogatory responses signed by [] Appice; and (3) obtaining a ruling that [] Appice's testimony is binding on

---

(S.D. Fla. 2015), *aff'd*, 310 F.R.D. 689 (S.D. Fla. 2015) (barring a company from testifying at trial on matters on which its designee had been unable or unwilling testify); *Martin Cnty. Coal Corp. v. Universal Underwriters Ins. Servs., Inc.*, No. 08-93, 2010 WL 4629761, at *4 (E.D. Ky. Nov. 8, 2010) (threatening sanctions where a deponent was "unprepared").

[3] Defendants ignore the remainder of the same sentence, which goes on to state that the entity "may set out the matters on which *each* person designated will testify." Fed. R. Civ. P. 30(b)(6) (emphasis supplied). That language strongly suggests that different designees will testify about different topics or different aspects of those topics. Indeed, as Plaintiffs argue here, permitting an entity to designate multiple 30(b)(6) witnesses to testify about the same aspects of the same topics would invite inconsistent answers from which the entity could select the response it most preferred, among other harms. Defendants identify no authority whatsoever interpreting Rule 30(b)(6) in the manner they urge. To grant the Borough's request for a do-over would relieve it of its obligation to prepare its designee, without good cause.

the Borough." [D.E. 99 at 5]. However, during the January 7 conference, Plaintiffs withdrew their request for leave to file a motion for the sanctions enumerated in their December 20 letter and requested the Court simply deny Defendants' request to provide another 30(b)(6) designee for topics 1, 5, 6, and 10;[4] and

**WHEREAS** the Court finds Plaintiffs' arguments and the reasoning and analysis in *Hovnanian* to be persuasive. Accordingly, for the reasons stated herein and on the record during the January 7 conference; and for good cause shown, therefore,

**IT IS** on this 10th day of January 2025,

**ORDERED** that Defendants' request to designate a second individual to testify as a 30(b)(6) witness on topics 1, 5, 6, and 10—for which Appice was previously designated and deposed—is **DENIED**; and it is further

**ORDERED** that, as specified in their December 19 letter, Defendants shall produce a 30(b)(6) designee for the remaining tax-related topics no later than January 31, 2025. [D.E. 98 at 2]; and it is further

**ORDERED** that, in light of the extraordinary age of this matter, the parties shall press forward with remaining discovery with diligence and shall make every effort to avoid the need for any further extensions of the discovery schedule; and it is further

**ORDERED** that, as provided in the Court's December 12, 2024 Text Order at D.E. 97, the Court will hold a telephonic status conference on **March 11, 2025, at 2:30 p.m.**, to be joined by

---

[4] The Court construes Plaintiffs' decision not to seek an Order compelling the Borough to designate a better-prepared witness, or for other sanctions, as a practical one that minimizes litigation expense and promotes judicial economy, insofar as the Court's denial of the Borough's request for a mulligan on Appice's failed deposition is tantamount to a sanction under Rule 37 for the Borough's failure to prepare her, because it is now stuck with her answers at trial.

dialing 973-437-5535, access code 149 818 199#. Three business days prior to the conference, the parties shall file a joint status letter, not to exceed three pages.[5]

                                                              /s/ *André M. Espinosa*
                                                            ANDRÉ M. ESPINOSA, U.S.M.J.

---

[5] During the January 7 hearing, the Court proposed dates for a settlement conference in this matter in late January or early February. Depending on the outcome of that conference, the Court may reschedule or vacate this status call.