# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW WALLINGTON HOME, LLC, a New Jersey limited liability company; and MORNINGSIDE AT WALLINGTON, LLC, a New Jersey limited liability company, | Civil Action No. 2:20-cv-08178 |
| Plaintiffs, | Hon. Evelyn Padin, U.S.D.J.<br>Hon. Andre M. Espinosa, U.S.M.J. |
| vs. | **CERTIFICATION OF COUNSEL** |
| BOROUGH OF WALLINGTON; BOROUGH OF WALLINGTON PLANNING BOARD; MARK W. TOMKO, in his official capacity as former Mayor of the Borough of Wallington; DOROTHY B. SIEK, in her official capacity as former Tax Collector for the Borough of Wallington; and CHRISTOPHER ASSENHEIMER, in his official capacity as Certified Tax Collector of the Borough of Wallington, | **Motion Date: March 17, 2025** |
| Defendants. | |

I, James DiGiulio, Esq., of full age hereby certify as follows:

1.     I am a licensed attorney in the State of New Jersey and Partner with the law firm of O'Toole Scrivo, LLC, counsel for Plaintiffs, New Wallington Home, LLC and Morningside at Wallington, LLC, in the above captioned matter; as such, I make this certification on personal knowledge.

2.     I submit this Certification in support of Plaintiffs' motion to enforce the subpoena duces tecum to non-party Witold Baginski.

3.     Pursuant to Federal Rule 45, Plaintiffs issued a subpoena to non-party Witold "Vic" Baginski. [Subpoena attached as Exhibit A.]

4.      Mr. Baginski was served on September 17, 2024. [Affidavit of Service attached as Exhibit B.]

5.      Mr. Baginski acknowledged receipt of the subpoena and was initially responsive to the undersigned regarding the scheduling of his deposition.

6.       However, upon learning that the Defendant, Borough of Wallington, did not intend to provide representation to him during his deposition, he has since become non-responsive.

7.      Any objections to the subpoena required Baginski to file a motion to quash or for a protective order, which he did not do.  F.R.C.P. 43(c)(3).

8.      Plaintiffs believe Mr. Baginski's testimony will be relevant to the underlying litigation as Mr. Baginski was employed by the Borough during the relevant period.

9.      Baginski has not responded to the subpoena despite multiple good faith attempts by my office to obtain a response.

10.     Accordingly, Defendant respectfully request this Court enter an order compelling Baginski to comply with the subpoena.

I hereby certify the foregoing statements made by me are true and that I am subject to punishment for knowingly making a false statement.


Respectfully submitted,


 /s/ James DiGiulio
James DiGiulio


Dated: February 14, 2025

2