# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW WALLINGTON HOME, LLC, a New Jersey limited liability company; and MORNINGSIDE AT WALLINGTON, LLC, a New Jersey limited liability company, <br><br> Plaintiffs, <br> vs. <br><br> BOROUGH OF WALLINGTON; BOROUGH OF WALLINGTON PLANNING BOARD; MARK W. TOMKO, in his official capacity as former Mayor of the Borough of Wallington; DOROTHY B. SIEK, in her official capacity as former Tax Collector for the Borough of Wallington; and CHRISTOPHER ASSENHEIMER, in his official capacity as Certified Tax Collector of the Borough of Wallington, <br><br> Defendants. | Civil Action No. 2:20-cv-08178 <br><br> Hon. Evelyn Padin, U.S.D.J. <br> Hon. Andre M. Espinosa, U.S.M.J. <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

**THIS MATTER** having been opened to the Court by plaintiffs, New Wallington Home, LLC and Morningside at Wallington, LLC, (together, "Plaintiffs"), by and through their counsel O'Toole Scrivo, LLC, pursuant to Rule of Civil Procedure 56 on a Motion for Summary Judgment; and the Court having considered the papers and arguments of counsel; and for good cause shown

**IT IS** on this ___ day of _____ 2026

**ORDERED** that Plaintiffs' motion for summary judgment is hereby GRANTED as to Counts I, II, and III of the First Amended Complaint; and it is further

**ORDERED** that the Court declares that Defendants' conduct established in the record violates the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, under theories of intentional discrimination (Count I) and unjustified discriminatory effects (Count II), and violates the Equal Protection Clause of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983 (Count III); and it is further

**ORDERED** that Plaintiffs are awarded compensatory damages in the amount of $23,672,000, jointly and severally against Defendants; and it is further

**ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, are PERMANENTLY ENJOINED from obstructing, delaying, or interfering with Plaintiffs' planned development and the related approvals and permitting processes on the basis of race and/or familial status; and it is further

**ORDERED** that consistent with the equitable relief contemplated by 42 U.S.C. § 3613(c)(1), Defendants shall take all actions within their authority necessary to ensure the prompt issuance of all remaining approvals and permits necessary to commence and complete construction of the development (subject to

Plaintiffs' satisfaction of applicable non-discretionary requirements); and it is further

**ORDERED** that within fourteen (14) days of entry of this Order, the parties shall meet and confer and submit a joint proposed schedule for a limited hearing on (a) the scope and sequencing of any additional non-monetary relief under 42 U.S.C. § 3613(c)(1), including any appropriate affirmative measures, and (b) Plaintiffs' application for reasonable attorneys' fees and costs and any other relief available under 42 U.S.C. §§ 3613(c)(2) and 1988(b); and it is finally

**ORDERED** that the Court retains jurisdiction to enforce and supervise compliance with this Order.

_____
HON. EVELYN PADIN, U.S.D.J.