# EXHIBIT B

JAN. 17, 2019  BER L 001670-18   01/17/2019   Pg 1 of 12 Trans ID: LCV2019111397   P. 2

BER-L-001670-18   01/17/2019 12:02:24 PM   Pg 1 of 2 Trans ID: LCV2019108148

Lisa S. Bonsall, Esq., No. 044381988
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 639-2066
Attorneys for Plaintiffs, Morningside at Wallington, LLC
and New Wallington Home, LLC

**FILED**

**JAN 17 2019**

**CHRISTINE A. FARRINGTON,
J.S.C.**

| | |
|---|---|
| MORNINGSIDE AT WALLINGTON, LLC and NEW WALLINGTON HOME, LLC, | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY; LAW DIVISION |
| Plaintiffs, | DOCKET NO. BER-L-1670-18 |
| v. | Civil Action |
| BOROUGH OF WALLINGTON PLANNING BOARD, | FINAL JUDGMENT |
| Defendant. | |

THIS MATTER having been tried before the court on January 16, 2019, Lisa Bonsall of McCarter & English, LLP and John M. Carbone, Esq. of Carbone & Fasse appearing on behalf of the Plaintiffs, Morningside at Wallington, LLC ("Morningside") and New Wallington Home, LLC ("NWH" and collectively with Morningside, "Plaintiffs"), and Martin S. Cedzidlo, Esq. of Jac Lee Law, appearing on behalf of the Defendant, Borough of Wallington Planning Board, and the Court having considered the record and submissions of the parties and the arguments of counsel, for the reasons set forth in the Court's written opinion dated January 16, 2019 ("Opinion"),

IT IS on this 17th day of January, 2019,

ORDERED that FINAL JUDGMENT be and is hereby entered as follows:

MEI 29037417v.1

Received Time Jan. 17, 2019 12:21PM No. 5119

**P000104**

1.   The January 16, 2018 decision of the Planning Board denying NWH's amended site plan application and Morningside's site plan application for development is reversed as arbitrary, capricious and unreasonable, and contrary to law, for the reasons set forth in the Court's Opinion.

2.   NWH's application for amended site plan approval is hereby approved in its entirety.

3.   Morningside's application for site plan approval is hereby approved in its entirety and all variances requested by Morningside are hereby deemed granted.

4.   The Borough shall issue all necessary permits and approvals within 15 days of date of this Order.

5.   Plaintiffs' counsel shall serve a copy of the order and decision within seven (7) days of entry upon the Borough of Wallington Planning Board and the Borough of Wallington.

HON. CHRISTINE FARRINGTON, J.S.C.

MBI 29037417v 1

BER L 001670-18    01/17/2019    Pg 3 of 12 Trans ID: LCV2019111397

## SUPERIOR COURT OF NEW JERSEY



CHRISTINE A. FARRINGTON
JUDGE

BERGEN COUNTY JUSTICE CENTER
10 MAIN STREET
COURTROOM 323
HACKENSACK, NJ 07601
Chambers: (201) 221-0700 x25545
Law Clerk: (201) 221-0700 x25548
Fax: (201) 221-0607

January 16, 2019

**FILED**

JAN 1 6 2019

CHRISTINE A. FARRINGTON,
J.S.C.

Lisa S. Bonsall, Esq.
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

John M. Carbone, Esq.
Carbone & Faasse
401 Goffle Road #2
Ridgewood, NJ 07450

Martin Cedzidlo, Esq.
Jae Lee Law, P.C.
2050 Center Avenue
Fort Lee, NJ 07024

RE:  **MORNINGSIDE AT WALLINGTON, LLC and NEW WALLINGTON HOME LLC. v. BOROUGH OF WALLINGTON PLANNING BOARD BER-L-1670-18**

Dear Counsel:

This matter comes before the court by way of plaintiffs, Morningside at Wallington, LLC and New Wallington Home, LLC's complaint in lieu of prerogative writ appealing the Planning Board's denial of Morningside's site plan approval for adjacent lot Block 71, Lot 35.01 and for approval of 73 additional apartment units plus accessory buildings and uses, and New Wallington Homes, LLC amendment of its prior site plan approval as to parking, traffic flow and trash collection.  Lisa Bonsal, Esq. Mc Carter & English and John M. Carbone, Esq., Carbone &

P000106

Faasse, appeared as co-counsel on behalf of the plaintiffs. Martin S. Cedzidlo, Esq., Jae Lee Law, appeared on behalf of the Planning Board.

Plaintiff Morningside at Wallington, LLC is the owner of property commonly known as 551 Main Avenue, designated on the Borough of Wallington tax map as Block 71, Lot 35.01 (The Morningside Property).  The property was previously the subject of affordable housing litigation in the matter entitled The Wallington Group, LLC and Morningside at Wallington LLC v. Borough of Wallington, et al., Bergen County Law Division, BER-L-373-06 (The Builder's Remedy litigation).  The plaintiffs in the Builder's Remedy suit were the Morningside and the owner of a contiguous lot that is landlocked by the Morningside Property, designated on the Tax Map as Block 71, Lot 35.02 (the New Wallington property).

On February 5, 2007 the Honorable Jonathan Harris, J.S.C. (ret'd) entered an order declaring the "land use controls and zoning ordinances of the Borough of Wallington as being invalid, not in compliance with the requirements of the New Jersey State Constitution, the Mount Laurel Doctrine, the Fair Housing Act and the regulations of the New Jersey Council on Affordable Housing" (the Invalidation Order).

On March 18, 2008, following trial, Judge Harris held the Morningside and New Wallington properties were suitable for

2

P000107

development and appropriate for a builder's remedy, and provided for a 20% set-aside for low and moderate income housing on each site. The court limited the remedy to the units required for Wallington to satisfy its second round obligation citing the uncertainty surrounding the third round regulations. The opinion noted the Borough remained exposed on its low and moderate income housing. Morningside and New Wallington were awarded separate builder's remedies. In accordance with the court's order the Borough amended the Wallington Zoning Ordinance to create the PR-ML District (Planned Residential-Mount Laurel Zone) applicable solely to Lots 35.01 and 35.02. The final order was entered on April 8, 2009. The order granted a judgment of repose for Second Round purposes only, until September 1, 2009. Under the terms of the Order, the two site could generate up to 42 affordably housing units.

The Planning Board denied New Wallington's application implementing the Builder's Remedy order on Lot 35.02 with 27 units of affordable housing on October 21, 2014. That decision was reversed by the Honorable William C. Meehan in a letter decision on April 22, 2015. An order for judgment was entered on May 11, 2015, finding the Planning Board's denial of the plaintiffs' site plan invalid as arbitrary, unreasonable and capricious. The application for site plan and variances was approved. The court remanded to the Planning Board to consider

3

P000108

whether to grant a variance for height or approve an alternative plan for buildings with a flat roof; whether traffic circulation out of Lot 35.01 and Lot 35.02 over existing easements can be handled in another safe manner; and to determine whether the sewer line in Main Avenue can accommodate the flow created by the proposed development with the Planning Board having the burden of proof on that issue. The Planning Board was ordered to schedule a public hearing on June 16, 2015 with respect to those issues. On March 2, 2016, Judge Meehan entered an order in aid of litigant's rights, finding that the Planning Board had unreasonably delayed action in connection with the limited remand directed in the May 11, 2015 order. It ordered plaintiff New Wallington to retain a qualified engineer at plaintiffs' expense to prepare a sanitary sewer study to determine whether the sewer line in Main Avenue had sufficient capacity. The court permitted the Planning Board to hire a traffic consultant at its own expense to advise plaintiffs as to a safer method to direct traffic at the driveway exiting the roller rink parking lot, but provided the report could not be used as a basis for denial of the application and was to be resolved finally at or before the April 19, 2016 meeting; finally it directed that the Board would vote on the height issue on or before the April 19, 2016 meeting.

On March 2, 2016 after the Planning Board's refusal to

4

abide by the order of the court resulted in further litigation, the court ruled the Planning Board engaged in unreasonable delay of site plan approval. On April 19, 2016, New Wallington's application was fully approved. Subsequently, Morningside and New Wallington filed a joint application seeking approval for a development plan based upon the zoning adopted to implement their affordable housing builder's remedies. Morningside's proposed development plan included a set-aside of 15 affordable units. New Wallington sought amended site plan approval for its approved plan which provided for 27 affordable units. The amended plan sought relocation of a trash enclosure, realignment of a driveway into the site and increased open space. The applicants were advised that they could not file their development application until they submitted a development plan to Zoning Officer Nick Melfi. The plan was submitted to Melfi on December 12, 2016. Melfi refused to review the plans and issued a "Refusal of Permit" which the applicants received on January 3, 2017. The Refusal incorrectly stated the application required a use variance which was not within the Planning Board's jurisdiction. The Planning Board subsequently conceded it had jurisdiction to hear the application, and held meetings on May 16, 2017, July 18, 2017, September 19, 2017, and December 19, 2017. The applicant presented testimony of four experts: Calisto Bertin, P.E., Dawson Bloom, traffic engineer, Leo Raker,

5

P000110

architect and Brigette Bogart, PP. In its final development proposal Morningside sought six bulk variances, including rear yard setback (22 feet where 25 feet are required); minimum separation of buildings (35.01 feet where 40 feet are required); building height for one building (49.4 feet where 45 feet are permitted); maximum building coverage of 30.02 percent, reducing pre-existing non-conformity of 31.45 feet where 25 percent is permitted), impervious coverage (83.02 percent where 75 percent is permitted) and open space (17.1 percent relative to pervious space and 32 percent relative to overall open space, inclusive of the family recreation center where 30 percent is required). In addition, Morningside requested the following variances which reduced or continued existing non-conformities on the site: off-street surface parking lot setback from Main Avenue; relief from board-on-board fence requirement where no fence currently existed, and relief from minimum buffer requirement of 25 feet where no buffer currently existed. New Wallington Homes, LLC sought to amend its prior approval to amend parking, traffic flow and trash collection.

The testimony of the experts established that the positive and negative criteria were met and the purposes of the Municipal Land Use Law were furthered. The Planning Board did not present, nor was any expert testimony offered by any party, challenging the applicants' applications.

6

P000111

By oral resolution on December 17, 2017 and written Resolution 18-326, adopted on January 16, 2018, the Board denied the applications citing in three paragraphs the testimony of the Superintendent of School, a member of the Wallington Board of Education and a member of the Town Council, for the proposition that a number of children would "emanate" from the multi-unit apartment buildings, and as a result, additional demand would be placed upon Wallington Schools; and that the additional students would be a "burden". Despite this testimony, the Resolution ultimately passed by the Board acknowledged the applicants' testimony that between 5 and 11 additional students would be added by the project was correct and verified. The Board also resolved, contrary to the record, that "the applicant's insistence in keeping a roller skating rink which currently exists on the property, and building the proposed housing units and parking structure around that accessory use. No valid reason was given by the applicant as to why the roller rink was necessary to the application, and why it wasn't simply being demolished. . ." The applicant's use of the pre-existing recreation facility, recently renovated, included in the site plan application, and was in part necessitated to satisfy the Borough's own recreation requirements established in its ordinance for the property. The Township's ordinances specifically include "active recreation facilities" as open

7

P000112

space. Including the recreation center, the applicant did not need a variance for open space. The uses and purpose of the recreation center were extensively discussed by Planner Bogart during the hearings. The recreation center is a permitted accessory use. There is no articulated rational purpose to require the recreation facility be demolished as the Board suggested was necessary to obtain approval.

The Resolution makes no mention that the zone in which the property is located. It is located in the PR-ML Planned Residential - Mount Laurel Zone, which was created by judicial mandate to implement the prior Builder's Remedy order, and which encompasses only Block 71, Lots 35.01 and 35.02. That zone permits rear lot line setbacks to be reduced from 25 feet to zero feet "at the discretion of the Planning Board if a uniform site plan application is submitted for Block 71, Lots 35.01 and 35.02." Bogart's testimony established that the site plan was designed to be, and was in fact, uniform and consistent with the neighboring site.

The denials have been appealed as arbitrary, capricious and unreasonable: specifically that the Board's denial does not articulate any rationale for the denial, and in addition, improperly focused on fiscal concerns, i.e. the costs for anticipated school age children.

The court finds the applicant has satisfied all of the

8

P000113

criteria necessary for approval of both applications.  The court finds the negative and positive criteria have been met and the application advances the purposes of the MLUL.  Green Meadows at Montville, L.L.C. v. Planning Board of the Tp. of Montville, 329 N.J. Super. 12, 20 (App. Div. 2000).  The court finds the Board's resolution devoid of any factors which would support the denial, other than the improper consideration of fiscal reasons.  The Board's unfortunate focus on the project's impact to the public fiscal, rather than land use concerns, renders its decision palpably unreasonable, and ipso facto arbitrary, unreasonable and capricious.

A board must make findings of fact and conclusions of law to support its decision to deny a variance application.  Connors v. Westwood Zoning Board of Adjustment, 81 N.J. 597, 610 (1980); Alpine Tower Co. v. Mayor and Council of the Borough of Alpine, et. al., 231 N.J. Super 239, 248 (App. Div. 1989). Without those findings of fact and conclusions of law the denial of the Board is not entitled to substantial deference and presumption of validity.  Burbridge v. Twp. of Mine Hill, 117 N.J. 376, 385 (1990) (quoting Medici v. BPR Co., 107 N.J. 1, 23 (1987)).

Based upon the tortured history of this application and the Township's recalcitrant stance toward satisfying its Mount Laurel obligation, which these developments will in part address, the court determines there would be no purpose in

9

remanding the applications to the Board and that such a remand would result in further delay and expense to the applicant without further elucidation to support denial.

The denials are reversed. The amended application of New Wallington Homes Inc., and the application for final development approval of Morningside at Wallington LLC are approved in their entirety, including all variances. The Township shall issue all necessary permits and approvals within 15 days. Plaintiffs' counsel shall submit the appropriate order.

Very truly yours,

Christine Farrington, J.S.C.

10

P000115

BER L 001670-18  03/01/2019  Pg 1 of 2  Trans ID: LCV2019392621

Martin S. Cedzidlo, Esq.
Attorney ID# 029171983
JAE LEE LAW, P.C.
2050 Center Avenue
Fort Lee, New Jersey 07024
(201) 346-3800
Attorneys for the Plaintiff

**FILED**

MAR 0 1 2019

CHRISTINE A. FARRINGTON.
J.S.C.

| | |
|---|---|
| MORNINGSIDE AT WALLINGTON, LLC. and NEW WALLINGTON HOME LLC., | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY LAW DIVISION |
| Plaintiffs, <br> V. | DOCKET NO. BER-L-1670-18 |
| BOROUGH OF WALLINGTON PLANNING BOARD, | CIVIL ACTION |
| Defendants. | ORDER |

THIS MATTER having been opened to the court on the motion of the defendant, and upon notice to the plaintiff, for a motion for reconsideration of the judgment entered by the court on January 17, 2019, on a limited issued for remand, and the court having reviewed the certifications submitted, and for good cause being shown,

IT IS on this 1ˢᵗ day of March, 2019,

ORDERED that pursuant to R. 1:7-4,  Plaintiff's motion to remand the above matter to the Wallington Planning Board is denied*; and it is further

ORDERED that the Court provides a copy of this Order to all counsel of record on this date via eCourts Civil. Movant is directed to serve a copy of this Order within seven days of the date hereof on all parties not served electronically.

P000116

BER L 001670-18   03/01/2019   Pg 2 of 2   Trans ID: LCV2019392621

Hon. Christine Farrington, J.S.C., ret'd, t/a recall

Opposed

*Plaintiff has no basis for the relief requested pursuant to both R. 1:7-4(b) and R. 4:49-2.