IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NEW WALLINGTON HOME, LLC, a New Jersey limited liability company; MORNINGSIDE at WALLINGTON, a New Jersey limited liability company,** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **BOROUGH OF WALLINGTON, and BOROUGH OF WALLINGTON PLANNING BOARD, MAYOR MARK TOMKO, DOROTHY SIEK AND CHRISTOPHER ASSENHEIMER** <br><br> **Defendants.** | **Civil Action No.2:20-cv-08178** <br><br> Hon. Edward S. Keil, U.S.M.J. <br><br><br> **DEFENDANT BOROUGH OF WALLINGTON'S ANSWERS TO INTERROGATORIES** |

TO:   James DiGiulio, Esq.
       O'Toole & Scrivo, LLC
       14 Village Park Road
       Cedar Grove, New Jersey 07009
       *Attorneys for Plaintiffs*

COUNSELORS:

    Defendant Christopher Assenheimer herein responds to Plaintiff New Wallington Home, LLC and Plaintiff Morningside at Wallington's demand for answers to interrogatories.

              Pfund McDonnell, PC
              *Attorneys for Defendants Borough of Wallington, Borough of Wallington Planning Board, Mayor Mark Tomko, Dorothy Siek and Christopher Assenheimer*

Dated: August 27, 2024      **GERALD A. SHEPARD**

**EXHIBIT**

**B**

## INTERROGATORIES

1.      In the event any Person has provided to You a written statement or oral statement regarding this Action, identify the following information with respect to each such statement:
>       a. By whom the statement was made;
>       b. To whom the statement was made;
>       c. The full content of the statement; and
>       d. The name and address of any Person who was present when the statement was made; and
>       e. Attach copies of all such statements.

**Response:      This Defendant objects to this interrogatory as the same is overbroad and may include statements protected by the attorney client privilege.**

2.      Set forth the name, address and field of expertise of each and every expert witness retained by You in connection with this Action, whether or not such expert is expected to be called to testify at trial. As to each expert identified in this response, set forth all information required by Fed. R. Civ. P. 26(a)(2).

**Response:      Upon advice of counsel, at this stage no experts have been consulted or retained.  This Defendant reserves the right to amend this response to name any and all experts who may be called upon to testify at trial as provided by the Federal Rules of Civil Procedure or Court Order.**

3.      If You contend that any admissions or declarations against interest were made by any party to this Action, set forth the following with respect to each such admission or declaration:
>       a. The substance of each admission or declaration;
>       b. The location where such admission or declaration was made;
>       c. The date and time when such admission or declaration was made;
>       d. The identity of the party who made such admission or declaration;
>       e. The identity of all persons present when such admission or declaration was made; and
>       f. Annex hereto copies of any and all Documents which refer or relate in any way to such admission or declaration.

**Response: Objection, as this interrogatory calls for a legal conclusion.  Plaintiff New Wallington Home admitted in the Amended Complaint that it withheld property tax payments from 2016 to 2018.  This Defendant reserves the right to amend this responses throughout the course of ongoing pre-trial investigation.**

4.      Set forth the name, address, and title of each and every Person acting on Your behalf who had any Communication of any kind with any party to this Action, or any representative or agent of any party to this Action, and set forth the date and substance of any such Communication.

**Response:      Upon advice of counsel, Defendant Assenheimer objects to this interrogatory as the same is overly broad and request information that may be protected by the attorney-client privilege.  Notwithstanding said objection, this Defendant is unaware of any such communications.  This Defendant reserves the right to amend this response throughout the course of ongoing pre-trial investigation and discovery.**

5.      State whether You, or anyone acting on Your behalf, ever recorded by any means, any telephone conversation, meeting, discussion or any other Communications related to this Action.

**Response:      This Defendant has not recorded any telephone conversation, meeting, discussion or any other discussion related to this Action.**

6.      Identify any Documents or Communications that You, or anyone acting on Your behalf, have either destroyed or disposed of that are related to this Action.

**Response:      This Defendant objects to this interrogatory as the same is overbroad and ambiguous.  Notwithstanding said objection, this Defendant has not destroyed or disposed of any documents or communications that are related to this Action.**

7.      Identify any Communications You had with any Party or any other Person or Entity relating to the subject matter of this Action, including, but not limited to, Communications relating to Plaintiffs, the Parcels, the population of school-aged children in the Borough, the provision of walking access from the Borough to the Wesmont Train Station, or a right of way located on the Doka Property, whether oral or in writing, and set forth the following with respect to each such Communication:
    a. The content and substance of such Communications;
    b. The dates on which such Communications took place;
    c. All individuals who were present and/or part of such Communications; and
    d. If the Communications were made in otherwise or otherwise recorded, provide copies of such written or otherwise recorded Communications;

**Response:      This Defendant did not have any communications with any party or any other person or entity other than communications with counsel.**

8.    Identify all meetings and events hosted or attended by You concerning the subject matter of this Action, including, but not limited to, Plaintiffs, the Parcels, the population of school-aged children in the Borough, the provision of walking access from the Borough to the Wesmont Train Station, or a right of way located on the Doka Property. This interrogatory includes public or private meetings hosted or attended by You.

**Response:    This Defendant did not host or attend any events concerning the subject matter of this action.**

9.    Identify any judgments entered by a court against You, in your personal or official capacity, from January 1, 2006, to present, and set forth the following with respect to each such judgment:
     a. The subject of the judgment;
     b. The date of entry of the judgment;
     c. The court in which the judgment was entered; and
     d. The case or docket number (if applicable).

**Response:    None.**

10.    Identify any complaints, including, but not limited to, complaints of discrimination, made against You between January 1, 2006, to present, and set forth the following with respect to each such complaint:
     a. The name of the complainant;
     b. The date of the complaint;
     c. The type of complaint or lawsuit;
     d. The case or docket number (if applicable); and
     e. The current disposition of the matter.

**Response:    None.**

11.     Identify any complaints, legal or letter, made against You, in any municipality, related to Your employment, and set forth the following with respect to each such complaint:
        a. The name of the complainant;
        b. The date of the complaint;
        c. The type of complaint or lawsuit;
        d. The case or docket number (if applicable); and
        e. The current disposition of the matter.

**Response:  Upon advice of counsel this Defendant objects to this interrogatory as the same is overly broad, ambiguous and calls for legal conclusions.  Notwithstanding said objection, none.**

12.     Identify and any all tax delinquency notices that were provided to New Wallington Home and/or the Wallington Group, LLC, from January 1, 2006, to present.

**Response:     This Defendant has no personal knowledge or recollection of tax delinquency notices that were issued to New Wallington Home and/or Wallington Group, LLC.  This Defendant only worked as the certified tax collector for the Borough of Wallington from May 2019 to December 2020.**

13.     Identify all demands that You received that any notices of delinquency or notices of tax sale were mailed to, delivered to, or received by New Wallington Home.

**Response:     This Defendant has no personal knowledge or recollection of any such demands.  This Defendant only worked as the certified tax collector for the Borough of Wallington from May 2019 to December 2020.  This Defendant reserves the right to amend this response throughout the course of ongoing pre-trial investigation and discovery.**

14.     Identify any and all responses that You sent to New Wallington Home regarding the demands identified in Interrogatory No. 13.

**Response:     This Defendant has no personal knowledge or recollection of any responses sent to New Wallington regarding demands identified in Interrogatory No. 13.**

15.    Identify the source or sources of authority that would permit You to assess interest and/or penalties against New Wallington Home and/or the Parcels.

**Response: This Defendant objects to this interrogatory as this Defendant no longer serves as the certified Tax Collector for the Borough of Wallington.  Notwithstanding said objection, see, N.J.S.A. 54:5-1 *et seq.,* Borough Code §§ 30-2 and 30-3.  This Defendant reserves the right to amend this response throughout the course of ongoing pre-trial investigation and discovery.**

16.    Identify any and all cell phone accounts and/or numbers that You used to communicate with any Party or Person regarding the subject matter of this Action, including, but not limited to, Plaintiffs, the Parcels, the population of school-aged children in the Borough, the provision of walking access from the Borough to the Wesmont Train Station, or a right of way located on the Doka Property.

**Response:    This Defendant did not use any cell phone to communicate with any party or person regarding the subject matter of this action.**

17.    Identify any and all meetings, public or private, that You attended with Plaintiffs and/or their representatives, including employees, principals or counsel, and with respect to each such meeting, set forth the following information:
        a. The substance of the meeting;
        b. The date or dates on which the meeting occurred; and
        c. The individuals present at the meeting.

**Response:    This Defendant did not attend any meetings with Plaintiffs and/or their representatives.**

## CERTIFICATION

I certify that the foregoing answers made by me to these Interrogatories are true. I am aware that if any of the foregoing answers are willfully false, I am subject to punishment.

I certify that in responding to the foregoing Interrogatories, I have furnished all information available to me, and to my agents, employees and attorneys. As to those answers which are not within my personal knowledge, I certify that I have provided the name and address of every person from whom such information was received or, where the source of such information is documentary, a full description of the document including its location.

I hereby certify that the copies of the documents annexed hereto are exact copies of the document; that the existence of other documents are unknown to me, and if such later become known or available, I shall serve them promptly on the propounding party.

Dated: 8/27/2024 , 2021