IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW WALLINGTON HOME, LLC, a New Jersey limited liability company; MORNINGSIDE at WALLINGTON, a New Jersey limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> BOROUGH OF WALLINGTON, and BOROUGH OF WALLINGTON PLANNING BOARD, MAYOR MARK TOMKO, DOROTHY SIEK AND CHRISTOPHER ASSENHEIMER <br><br> Defendants. | Civil Action No.2:20-cv-08178 <br><br> Hon. Edward S. Keil, U.S.M.J. <br><br><br> **DEFENDANT BOROUGH OF WALLINGTON'S ANSWERS TO INTERROGATORIES** |

TO:    Robert H. Solomon, Esq.
       Bruce H. Nagel, Esq.
       Nagel Rice, LLP
       103 Eisenhower Parkway
       Roseland, New Jersey 07068
       *Attorneys for Plaintiff*

       Thomas P. Scrivo, Esq.
       O'Toole & Scrivo, LLC
       14 Village Park Road
       Cedar Grove, New Jersey 07009
       *Attorneys for Plaintiffs*

COUNSELORS:

Defendant Borough of Wallington herein responds to Plaintiff New Wallington Home, LLC and Plaintiff Morningside at Wallington's demand for answers to interrogatories.

Pfund McDonnell, PC
*Attorneys for Defendants Borough of Wallington, Borough of Wallington Planning Board, Mayor Mark Tomko, Dorothy Siek and Christopher Assenheimer*

_____
SHEPARD

Dated:  09/12/2024

EXHIBIT

N

## INTERROGATORIES

1.      In the event any Person has provided to You a written statement or oral statement regarding this Action, identify the following information with respect to each such statement:
      a. By whom the statement was made;
      b. To whom the statement was made;
      c. The full content of the statement; and
      d. The name and address of any Person who was present when the statement was made; and
      e. Attach copies of all such statements.

**Response:      This Defendant objects to this interrogatory as the same is overbroad and may include statements protected by the attorney client privilege.**

2.      Set forth the name, address and field of expertise of each and every expert witness retained by You in connection with this Action, whether or not such expert is expected to be called to testify at trial. As to each expert identified in this response, set forth all information required by Fed. R. Civ. P. 26(a)(2).

**Response:      Upon advice of counsel, at this stage no experts have been consulted or retained.  This Defendant reserves the right to amend this response to name any and all experts who may be called upon to testify at trial as provided by the Federal Rules of Civil Procedure or Court Order.**

3.      If You contend that any admissions or declarations against interest were made by any party to this Action, set forth the following with respect to each such admission or declaration:
      a. The substance of each admission or declaration;
      b. The location where such admission or declaration was made;
      c. The date and time when such admission or declaration was made;
      d. The identity of the party who made such admission or declaration;
      e. The identity of all persons present when such admission or declaration was made; and
      f. Annex hereto copies of any and all Documents which refer or relate in any way to such admission or declaration.

**Response:      Plaintiff New Wallington Home admitted in the Amended Complaint that it withheld property tax payments from 2016 to 2018.  This Defendant reserves the right to amend this responses throughout the course of ongoing pre-trial investigation.**

4.      Set forth the name, address, and title of each and every Person acting on Your behalf who had any Communication of any kind with any party to this Action, or any representative or agent of any party to this Action, and set forth the date and substance of any such Communication.

**Response:      Upon advice of counsel, Defendant objects to this interrogatory as the same is overly broad and requests information that may be protected by the attorney client privilege.**

5.      State whether You, or anyone acting on Your behalf, ever recorded by any means, any telephone conversation, meeting, discussion or any other Communications related to this Action.

**Response:      Objection, this Defendants objects to this interrogatory as the same is overbroad and calls for speculation. Notwithstanding said objection, upon information and belief, please see Planning Board Meeting Minutes, transcript of the May 16, 2017 Planning Board Meeting, transcript of the October 20, 2015 Planning Board Meeting. This Defendant reserves the right to amend this response throughout the course of ongoing pre-trial investigation and discovery.**

6.      Identify any Documents or Communications that You, or anyone acting on Your behalf, have either destroyed or disposed of that are related to this Action.

**Response:      This Defendant objects to this interrogatory as the same is overbroad and calls for speculation. Notwithstanding said objection, this Defendant is unaware of any documents or communications related to this action that have been disposed of by anyone acting on its behalf. This Defendant reserves the right to amend this response throughout the course of ongoing pre-trial investigation and discovery.**

7.      Identify any Communications You had with any Party or any other Person or Entity relating to the subject matter of this Action, including, but not limited to, Communications relating to Plaintiffs, the Parcels, the population of school-aged children in the Borough, the provision of walking access from the Borough to the Wesmont Train Station, or a right of way located on the Doka Property, whether oral or in writing, and set forth the following with respect to each such Communication:
    a. The content and substance of such Communications;
    b. The dates on which such Communications took place;
    c. All individuals who were present and/or part of such Communications; and
    d. If the Communications were made in otherwise or otherwise recorded, provide copies of such written or otherwise recorded Communications;

**Response:      This Defendant is a municipal entity and itself did not have any communications.**

8.      Identify all meetings and events hosted or attended by You concerning the subject matter of this Action, including, but not limited to, Plaintiffs, the Parcels, the population of school-aged children in the Borough, the provision of walking access from the Borough to the Wesmont Train Station, or a right of way located on the Doka Property. This interrogatory includes public or private meetings hosted or attended by You.

**Response:      This Defendant objects to this interrogatory as the same is overbroad and vague.  Notwithstanding said objection, Planning Board Meetings, Mayor and Council Meeting.**

9.      Identify any and all press releases or statements made by You concerning the subject matter of this Action, including, but not limited to, Plaintiffs, the Parcels, the population of school-aged children in the Borough, the provision of walking access from the Borough to the Wesmont Train Station, or a right of way located on the Doka Property.

**Response:      This Defendant objects to this interrogatory as the same is overbroad and ambiguous as this Defendant is a municipal entity.  Notwithstanding said objection, the Borough made no press release or statement responsive to this interrogatory.**

10.      Identify any complaints of discrimination made against You between January 1, 2006, to present, and set forth the following with respect to each such complaint:
  a. The name of the complainant;
  b. The date of the complaint;
  c. The type of complaint or lawsuit;
  d. The case or docket number (if applicable); and
  e. The current disposition of the matter.

**Response:      This Defendant objects to this interrogatory as the same is overbroad and ambiguous. Notwithstanding said objection, with respect to any issues relating to affordable housing the Borough is aware of only of the allegations made by Plaintiff in this action and those made by Morningside at Wallington, LLC, Donald Nuckel and Wallington Homes, LLC in the declaratory judgment action captioned  in the matter of the application of the Borough of Wallington for a Judgment Of Compliance And Repose pending in the Superior Court under docket number BER-L-06285-15 as a result of which the Borough's housing element and fair share plan was approved by final judgment of the court and certified as being compliant with the Borough's affordable housing obligations. The pleadings and other court filings which relate to the allegations made by those parties are available on ecourts. The Borough is unaware of any other complaint asserted against the borough alleging discrimination in housing.**

11.    With respect to the decision to require in 2016 that Morningside submit a development plan for review by Zoning Officer Nick Melfi, set forth the following information:
a. All of the reasons for the decision;
b. All of the persons who participated in the decision; and
c. The source or sources of authority that permitted You to render the decision.

**Response:    Construction of a new structure, including a residential use, must obtain site plan approval from the planning board or zoning board of adjustment of the borough of Wallington. See Wallington Code sections 330-17 and 330-18.  That site plan approval may be combined with variance applications if the proposed plan requires such relief.  N.J.A.C. 5:23-2.6 requires a certificate of occupancy to be issued prior to use of that construction project.  N.J.A.C. 5:23-2.14 requires that a construction permit be issued by the local construction official prior to the start of construction of that project.  Prior to issuance of a construction permit, the local construction official must ascertain that all prior approvals have been given to that project, including all local approvals.  See N.J.A.C 5:23-2.15(a)(5). Those local approvals include the site plan approval and variances described above. The local construction official does not have the authority to grant those approvals.**

12.    With respect to the decision to withhold property tax notices to New Wallington Home between 2016 and 2018, set forth the following information:
a. All of the reasons for the decision;
b. All of the persons who participated in the decision; and
c. The source or sources of authority that permitted You to render the decision.

**Response:    Objection.  This Defendant did not withhold property tax notices to New Wallington Home between 2016 and 2018.  Additionally, Plaintiff knew of its obligation and purposed chose to withhold tax payments.**

13.    Identify any and all notice that You provided to the public regarding the sale of tax certificate #17-016.

**Response:    Notice of Tax Sale published in Bergen Record on 11/24/17; 11/30/17; 12/1/17; 12/7/17; 12/8/17; 12/14/17; 12/15/17.  Affidavit of Publication and Tax Sale Notice attached**

14.    With respect to the decision to issue and/or take tax certificate #17-016, set forth the following information:
        a. All of the reasons for the decision;
        b. All of the persons who participated in the decision; and
        c. The source or sources of authority that permitted You to render the decision.

**Response:**

**a. All of the reasons for the decision;**

**New Jersey state law, N.J.S.A. 54:5-19 provides that when unpaid taxes or any municipal lien, or part thereof, on real property remains in arrears at the close of the fiscal year, the collector , shall enforce the lien by selling the property in the manner set forth in this article by holding a standard tax sale in the following year. Plaintiff failed to pay property taxes thus making the above cited statute applicable. The Borough of Wallington is obligated to follow that statute and holds a Standard Tax Sale to sell a lien for Unpaid taxes from the prior year.**

**b. All of the persons who participated in the decision; and**

**Tax Collector in office at the time of the notice of sale.**

**c. The source or sources of authority that permitted You to render the decision.**

**See response to subpart a. above.**

15.    With respect to the decision to assess over $13,000 of interest at the rate of 18% charged on the "interest on certificate," set forth the following information:
        a. All of the reasons for the decision;
        b. All of the persons who participated in the decision; and
        c. The source or sources of authority that permitted You to render the decision.

**Response:**    **The tax sale certificate was acquired by the borough because no private party bid to purchase the certificate.    N.J.S.A. 54:5-59 provides in pertinent part that if the certificate of sale is held by the municipality, the amount required for redemption shall include all subsequent municipal liens, except so much of the taxes for the year in which the redemption is made as are not delinquent as of the date of redemption under the provisions of R.S. 54:4-66, with interest thereon at the rate chargeable by the municipality on delinquent taxes and costs ...; For purposes of calculating a redemption, even though taxes become a lien on the first day of the fiscal year of the municipality, only those taxes or other municipal charges for the current year that have actually fallen delinquent are included in the amount of redemption. None of the current year's taxes that are not delinquent are included in the redemption amount.    $13,058.26 is the Redemption Penalty, the Interest on the Certificate is $23,504.88    The tax sale certificate was redeemed on 7/26/18 per Resolution attached. Interest was calculated to that date.**

16.    With respect to the decision to assess New Wallington Home over $23,000 as a 6% redemption penalty, set forth the following information:

        a. All of the reasons for the decision;

        b. All of the persons who participated in the decision; and

        c. The source or sources of authority that permitted You to render the decision.

**Response:    The redemption penalty was assessed as required by NJ state law. The decision to do so was implemented by the Tax Collector in office at the time of the redemption.**

**In addition, N.J.S.A. 54:5-61 provides in pertinent part that upon redemption in accordance with R.S. 54:5-58, R.S. 54:5-59 and R.S. 54:5-60 the holder of the tax title shall be entitled to collect from the owner or other persons having a right of redemption pursuant to R.S. 54:5-54, additional sums in accordance with the following schedule: When the tax title certificate amount shall exceed the sum of two hundred dollars, the holder of the tax title shall be entitled to collect from the owner or other person having an interest in the lands an additional sum equal to two per cent of the amount so paid for the tax title certificate. When the tax title certificate amount exceeds the sum of $5,000, such additional sum shall be equal to 4% of such amount paid; and when the tax title certificate amount exceeds $10,000, such additional sum shall be equal to 6% of such amount paid. This section shall also apply to all existing certificates held by municipalities on the effective date of this act.**

17.    Identify all other properties that have been denied any request to construct affordable housing in the Borough between January 1, 2006, and present.

**Response:    None known.**

18.    Identify each and every residential development providing low-income housing in the Borough of Wallington. For each such development, list:

        a. The racial makeup of the residents; and

        b. The percentage of total residents constituting school-aged children.

**Response:    See the Borough's Housing Element and Fair Share Plan produced herewith. The Borough has no information regarding the racial makeup of residents or the percentage of school-aged children in residential developments offering low-income housing.**

19.    Set forth, in detail, your position regarding the scope of rights the Borough currently retains related to the Right of Way.

**Response:    Objection. The term "right of way" is undefined. Without waiving that objection, if the interrogatory refers to the right of way running alongside the former Farmland Dairies property, the Borough has been advised by its engineering consultants that construction of a roadway on that right of way would be prohibitively expensive due to the irregular shape of the right of way and the slopes and change of grades. Moreover, the right of way does not lead to a access to any railroad but rather to an additional parcel of private property.**

20.    Set forth, in detail, the reason(s) why the Borough has refused to enforce its rights related to the Right of Way that would provide better access to public transportation for the Borough's residents.

**Response:    See response to interrogatory no. 20.**

21. Set forth the following:

   a. Population of the Borough as of December 31, 2023;

   b. Percentage of Borough population that was "White alone, not Hispanic or Latino" as of December 31, 2023;

   c. The number of approved affordable housing units currently being rented in the Borough.

   d. The number of affordable housing units required to be made available in Phase I.

**Response:**

   a.    **According to the US Census Bureau: the population of Wallington is 11,868 and the number of White alone, non-Hispanic or Latino is 8,286.    The latest information available to the Borough is form the website of the US Census Bureau                          accessed                          at: https://data.census.gov/profile/Wallington_borough,_New_Jersey?g=160XX00U S3476490**

   b.    **See response to subpart a.**

   c.    **Unknown at this time.   The developers of the properties set aside for such affordable housing in the Borough's Housing Element And Fair Share Plan have not yet placed those properties in the rental market.**

   d.    **See the Borough's Housing Element and Fair Share Plan produced herewith.**

## **CERTIFICATION**

The foregoing answers to interrogatories are not based on my personal knowledge but instead upon such investigation and other sources as I believe to be reliable. Subject to that, I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Jennifer Appice*

Dated: September 12, 2024