Positive
As of: April 1, 2026 3:49 PM Z

# *Frybarger v. N.J. Dep't of the Treasury*

United States District Court for the District of New Jersey

December 27, 2006, Decided

Civ. Action No. 05-4648 (KSH)

**Reporter**
2006 U.S. Dist. LEXIS 93365 *; 2006 WL 3827331

SCOTT FRYBARGER, t/a TITAN POWER EQUIPMENT, INC., Plaintiff, v. NEW JERSEY DEPARTMENT OF THE TREASURY, et al., Defendants.

**Notice:  [*1]**  NOT FOR PUBLICATION

## Core Terms

Taxation, motion to dismiss, defendants', federal court, state tax

## Case Summary

**Procedural Posture**

Plaintiff seller sued defendants, a state tax division, state tax agents, and state officials, and alleged under *42 U.S.C.S. § 1983* that defendants deprived him of his constitutional rights when they searched and seized certain property based on his alleged failure to pay state sales tax. Defendants moved to dismiss and the seller moved for entry of default. The case implicated the Tax Injunction Act of 1937, *28 U.S.C.S. § 1341*.

**Overview**

The seller was a Florida resident who, through his company, sold construction equipment. The state tax division received a tip that certain individuals, who were later determined to be the seller's subcontractors, were selling equipment at New Jersey construction sites without collecting and paying New Jersey sales tax. The seller alleges that the resulting investigation and seizure of his property was undertaken without a warrant or probable cause. The state tax division took action against the seller by way of an investigation based on his alleged nonpayment of New Jersey sales taxes. In the instant proceeding, the seller was seeking an award of monetary damages for alleged violations of his constitutional rights and for negligent infliction of emotional distress. His claims constituted an indirect challenge to both the jeopardy assessment made against him for unpaid sales and use taxes as well as the methods used by the state to collect those taxes. After reading the complaint, the court concluded that this was a tax case primarily, and not an action to be decided pursuant to the law of *42 U.S.C.S. § 1983* and common law of torts.

**Outcome**
The seller's motion for an entry of default was denied and defendants' motion to dismiss was granted.

## LexisNexis® Headnotes



EXHIBIT

_____ W _____

Gerald Shepard

2006 U.S. Dist. LEXIS 93365, *1

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

## HN1 Motions to Dismiss, Failure to State Claim

In considering a motion to dismiss for lack of subject matter jurisdiction under *Fed. R. Civ. P. 12(b)(1)*, a court must review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the District Court. In deciding a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P. 12(b)(6)*, all allegations in the complaint must be taken as true and viewed in the light most favorable to the non-moving party. The court shall dismiss for failure to state a claim if it appears beyond doubt that no relief can be granted under any set of facts which could be proved consistent with the allegations.

Tax Law > Federal Tax Administration & Procedures > Tax Injunction Act

## HN2 Federal Tax Administration & Procedures, Tax Injunction Act

The Tax Injunction Act of 1937 (Act), *28 U.S.C.S. § 1341*, prohibits federal courts from enjoining, suspending or restraining the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state. The Act embodies Congress' decision to transfer jurisdiction over a class of substantive federal claims from the federal district courts to the state courts, so long as state-court procedures are plain, speedy and efficient.

Governments > Courts > Judicial Comity

Tax Law > Federal Tax Administration & Procedures > Tax Injunction Act

## HN3 Courts, Judicial Comity

While the Tax Injunction Act, *28 U.S.C.S. § 1341*, only prohibits federal courts from entering declaratory relief in state tax cases, the United States Supreme Court has held that the principle of comity supplements the Tax Injunction Act and bars federal courts from awarding monetary damages in state tax disputes.

Governments > Courts > Judicial Comity

## HN4 Courts, Judicial Comity

The notion of comity is a recognition of the fact that the entire country is made up of a union of separate state governments, and a continuance of the belief that the national government will fare best if the states and their institutions are left free to perform their separate functions in separate ways. The concept represents a system in which there is sensitivity to the legitimate interests of both state and national governments, and in which the national government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the states. It should never be forgotten that this slogan, "Our Federalism," both in the early struggling days of our union of states, occupies a highly important place in the nation's history and its future.

Civil Rights Law > Protection of Rights > Section 1983 Actions > Scope

Tax Law > Federal Tax Administration & Procedures > Tax Injunction Act

2006 U.S. Dist. LEXIS 93365, *1

**HN5** **Protection of Rights, Section 1983 Actions**

Permitting *42 U.S.C.S. § 1983* suits challenging the validity of state tax assessments would intrude on the enforcement of the state taxation scheme and have a chilling effect on officials enforcing the tax laws. Echoing the requirements of the Tax Injunction Act, *28 U.S.C.S. § 1341*, the United States Supreme Court has declared that such suits must be brought in state court so long as the state's remedies are plain, adequate and complete.

Tax Law > Federal Tax Administration & Procedures > Tax Injunction Act

**HN6** **Federal Tax Administration & Procedures, Tax Injunction Act**

The exception to the rule barring federal courts from asserting jurisdiction over state tax disputes is read narrowly. The critical criterion as to the adequacy of the remedy available to the taxpayers is not the relief which they can obtain in the state proceedings, but whether the state provides a forum for presentation of their claims. Thus, federal courts must decline jurisdiction in state tax cases where the state gives the plaintiff a procedure by which to have his/her claims heard. The availability of the specific remedy sought is not relevant.

Tax Law > State & Local Taxes > Administration & Procedure > Assessments

Tax Law > State & Local Taxes > Administration & Procedure > Taxpayer Protests

**HN7** **Administration & Procedure, Assessments**

New Jersey taxpayers have two alternative methods of challenging tax assessments made against them. First, a party aggrieved by an assessment of the Division of Taxation is entitled to a hearing on the matter with the Division of Taxation so long as s/he files a written protest with the Division within 90 days after receiving notice of the assessment. *N.J. Stat. Ann. § 54:32B-19*. If the taxpayer is unsatisfied with the resolution, s/he has a right to appeal the decision to the Tax Court of New Jersey. *N.J. Stat. Ann. § 54:32B-21*. Alternatively, an aggrieved party can seek direct redress with the Tax Court of New Jersey, which has jurisdiction to review actions or regulations with respect to a tax matter of any state agency or official. N.J. Stat. Ann. § 2B-13-2. The Tax Court has the authority to grant legal and equitable relief so that all matters in controversy between the parties may be completely determined. The Tax Court's decision is appealable to the Appellate Division and thereafter to the New Jersey Supreme Court.

**Counsel:** For SCOTT FRYBARGER, trading as TITAN POWER EQUIPMENT, INCORPORATED, Plaintiff: EDWARD F. BEZDECKI, LEAD ATTORNEY, TOMS RIVER, NJ.

For DEPARTMENT OF THE TREASURY, DIVISION OF TAXATION, STATE OF NEW JERSEY, and its agents individually, Defendant: DANIEL CHRISTIAN MUNCE, LEAD ATTORNEY, STATE OF NEW JERSEY, TRENTON, NJ, US.

**Judges:** Katharine S. Hayden, U.S.D.J.

**Opinion by:** Katharine S. Hayden

# Opinion

**KATHARINE S. HAYDEN, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Scott Frybarger ("Frybarger") has filed a complaint seeking an award of monetary damages against the New Jersey Department of the Treasury, Division of Taxation ("Division of Taxation"), Division of Taxation Agents Penny Knowles ("Knowles") and Donald Smith ("Smith"), in their individual capacities, as well as various unknown John Doe defendants, also in their individual capacities, who worked for both the Division of Taxation and the New Jersey State Police Department (collectively, "defendants"). Frybarger complains that defendants deprived him of rights guaranteed by the *Fourth* and *Fourteenth Amendments of the United States Constitution* when they searched and seized property owned by him based **[\*2]** on his alleged failure to pay state sales tax on certain construction equipment sold in New Jersey. The complaint also includes state law claims for negligent infliction of emotional distress arising out of the same search and seizure of property.

Before the Court are the following motions: (1) defendants' motion to dismiss (docket entry # 12); and (2) plaintiff's motion for entry of default (docket entry # 20). For the reasons that follow, defendants' motion to dismiss is **granted** and plaintiff's motion for entry of default is **denied.**

## II. BACKGROUND

The following factual background is taken from the complaint and the statement of facts included in Frybarger's brief in opposition to the motion to dismiss. Frybarger is a Florida resident who, through his company Titan Power Equipment, sells construction equipment through authorized subcontractors. The Division of Taxation received a tip that certain individuals, who were later determined to be Frybarger's subcontractors, were selling equipment at New Jersey construction sites without collecting and paying New Jersey sales tax. Agents Knowles and Smith investigated the matter and confronted the subcontractors **[\*3]** on the morning of May 20, 2005 at a New Jersey motel where they were all staying. The agents questioned the subcontractors about their sales practices, performed a search of various trucks on the property, and seized property and documents contained in the trucks. Frybarger alleges that this activity was undertaken without a warrant or probable cause. Based on the information gathered, the Division of Taxation issued a jeopardy assessment of $ 660,000 against Frybarger for unpaid sales and use taxes for the years 2002 through 2005. The Division of Taxation plans to sell the seized property in order to satisfy the tax assessment.

Frybarger claims that defendants' actions at the raid constituted an unreasonable search and seizure of his property, in violation of the *Fourth* and *Fourteenth Amendments of the Constitution*. Rather than seeking redress in state court, however, Frybarger filed suit against defendants in this Court. The complaint includes four claims brought pursuant to *42 U.S.C. § 1983* and three state law claims for negligent infliction of emotional distress.

Defendants have filed a motion to dismiss for lack of jurisdiction pursuant to *Fed. R. Civ. P. 12(b)(1)* **[\*4]** and/or for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P. 12(b)(6)*. Defendants' motion raises two primary arguments in support of dismissal: (1) the Tax Injunction Act and the principles of federalism and comity preclude this Court from exercising jurisdiction over plaintiff's lawsuit; and (2) even if the case is properly before the Court, the individual defendants are entitled to qualified immunity. The record has not yet been developed to the point where a decision on qualified immunity can properly be made. The Court addresses defendants' first argument.

## III. MOTION TO DISMISS STANDARD

*HN1* In considering a motion to dismiss for lack of subject matter jurisdiction under *Fed. R. Civ. P. 12(b)(1)*, the Court must "review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the District Court." *Licata v. United States Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994)*. In deciding a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to **[\*5]** *Fed. R.*

*Civ. P. 12(b)(6)*, all allegations in the complaint must be taken as true and viewed in the light most favorable to the non-moving party. *Trump Hotels & Casino Resorts v. Mirage Resorts, 140 F.3d 478, 483 (3d Cir. 1998)*. The Court shall dismiss for failure to state a claim if it appears beyond doubt that no relief can be granted "under any set of facts which could be proved consistent with the allegations." *Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)*.

## IV. DISCUSSION

**HN2** The Tax Injunction Act of 1937 prohibits federal courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *28 U.S.C. § 1341*. The Act "embodied Congress' decision to transfer jurisdiction over a class of substantive federal claims from the federal district courts to the state courts, so long as state-court procedures were 'plain, speedy and efficient.'" *Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 515 n.19, 101 S. Ct. 1221, 67 L. Ed. 2d 464 (1981)*.

**HN3** While the Tax Injunction **[*6]** Act only prohibits federal courts from entering declaratory relief in state tax cases, *Hardwick v. Cuomo, 891 F.2d 1097, 1104 (3d Cir. 1989)*, the Supreme Court has held that the principle of comity supplements the Tax Injunction Act and bars federal courts from awarding monetary damages in state tax disputes. *Fair Assessment in Real Estate Association, Inc. v. McNary, 454 U.S. 100, 102 S. Ct. 177, 70 L. Ed. 2d 271 (1981)*. As the Court famously explained in *Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)*, **HN4** the notion of comity is

> a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways. . . . [The] concept [represents] a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of **[*7]** the States. It should never be forgotten that this slogan, "Our Federalism," both in the early struggling days of our Union of States, occupies a highly important place in our Nation's history and its future.

*Id. at 44-45*. In Fair Assessment, the Court stated that **HN5** permitting *§ 1983* suits challenging the validity of state tax assessments "would intrude on the enforcement of the state [taxation] scheme" and have a "chilling effect" on officials enforcing the tax laws. *Fair Assessment, 454 U.S. at 114-15*. Echoing the requirements of the Tax Injunction Act, the Court declared that such suits must be brought in state court so long as the state's remedies "are plain, adequate and complete." *Id. at 116*.

**HN6** The exception to the rule barring federal courts from asserting jurisdiction over state tax disputes is read narrowly. *California v. Grace Brethren Church, 457 U.S. 393, 413, 102 S. Ct. 2498, 73 L. Ed. 2d 93 (1982)*. The Third Circuit has declared that "the critical criterion as to the adequacy of the remedy available to the taxpayers is not the relief which they can obtain in [the State] proceedings, but whether [the State] provides a forum **[*8]** for presentation of their claims." *Hardwick, 891 F.2d at 1106*. Thus, federal courts must decline jurisdiction in state tax cases where the State gives the plaintiff a procedure by which to have his/her claims heard. The availability of the specific remedy sought is not relevant.

Reading the complaint carefully, the Court concludes that this is a tax case primarily, and not an action to be decided pursuant to the law of *Section 1983* and common law of torts. The Division of Taxation took action against Frybarger by way of an investigation based on his alleged nonpayment of New Jersey sales taxes. Now he is seeking an award of monetary damages in this Court for alleged violations of his constitutional rights and for negligent infliction of emotional distress. His claims constitute an indirect challenge to both the $ 660,000 jeopardy assessment made against him for unpaid sales and use taxes for the years 2002 through 2005 as well as the

methods used by the State to collect those taxes. Although Frybarger has artfully avoided the strictures of the Tax Injunction Act by not asking the Court to enjoin collection of the tax, the principle of comity as set forth in *Fair  [*9] Assessment* prohibits this Court from exercising jurisdiction over the case so long as New Jersey provides a forum in which Frybarger can challenge defendants' allegedly unlawful actions.

In so determining, the Court points out that **HN7** New Jersey taxpayers have two alternative methods of challenging tax assessments made against them. First, a party aggrieved by an assessment of the Division of Taxation is entitled to a hearing on the matter with the Division of Taxation so long as s/he files a written protest with the Division within 90 days after receiving notice of the assessment. *N.J. Stat. Ann. § 54:32B-19*. If the taxpayer is unsatisfied with the resolution, s/he has a right to appeal the decision to the Tax Court of New Jersey. *N.J. Stat. Ann. § 54:32B-21*. Alternatively, an aggrieved party can seek direct redress with the Tax Court of New Jersey, which has jurisdiction "to review actions or regulations with respect to a tax matter of . . . [a]ny State agency or official." N.J. Stat. Ann. § 2B-13-2. The Tax Court has the authority to "grant legal and equitable relief so that *all matters in controversy* between the parties [*10]  may be completely determined." *Mobil Oil Corp. v. Township of Greenwich, 9 N.J. Tax 123, 126 (N.J. Tax Ct. 1986)* (emphasis added). The Tax Court's decision is appealable to the Appellate Division and thereafter to the New Jersey Supreme Court. Pressler, Current N.J. Court Rules 2:2-3(a)(1), 2:2-1(b).

So it is clear that Frybarger has a forum in the State of New Jersey that provides a "plain, adequate and complete" remedy. *Fair Assessment, 454 U.S. at 116*. In an unpublished opinion, the Third Circuit has affirmed a district court's dismissal of a *Section 1983* claim against employees of the Division of Taxation on precisely that basis in *Reagle v. Elliott, 80 Fed. Appx. 737, 738 (3d Cir. 2003)*. Frybarger chose not to pursue his claims in New Jersey state court, and he is not free to exert them federally because the taxing sovereign, New Jersey, provides him a procedure by which to have his claims heard. *Hardwick, 891 F.2d at 1106*.

Additionally, the Court holds on procedural grounds that Frybarger's motion for an entry of default based on defendants' failure timely to respond to the complaint is plainly without merit. **[*11]** Frybarger filed an amended complaint against all defendants on March 14, 2006 (document # 7). Magistrate Judge Shwartz granted defendants an extension to answer, move, or otherwise respond to the amended complaint until April 28, 2006 in an order filed March 20, 2006 (document # 10). Defendants complied with this order by filing a motion to dismiss in lieu of an answer on April 28, 2006 (document # 12).

## V. CONCLUSION

For the foregoing reasons, Frybarger's motion for an entry of default is **denied** and defendants' motion to dismiss is **granted.** An appropriate order will be filed.

/s/ Katharine S. Hayden, U.S.D.J.

Dated: December 27, 2006

---

**End of Document**