# O'TOOLE SCRIVO

## A LIMITED LIABILITY COMPANY

**JAMES DiGIULIO**
jdigiulio@oslaw.com

May 6, 2026

**Via CM/ECF**
Hon. Evelyn Padin, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 4C
Newark, New Jersey 07101

> **Re:    New Wallington Home, LLC, et al. v. Borough of Wallington, et al.**
> **Civil Case No.: 20-08178 (EP) (AME)**

Dear Judge Padin:

This firm represents Plaintiffs, New Wallington Home, LLC and Morningside at Wallington, LLC, in this matter. We write with utmost respect for the Court and in response to the Court's May 5, 2026 Text Order concerning Plaintiffs' summary judgment brief filed at D.E. 141-1.

At the outset, Plaintiffs respectfully and sincerely apologize to the Court for the failure to seek advance permission under L. Civ. R. 7.2(b). Plaintiffs recognize Your Honor requires strict compliance with the Local Civil Rules and the Court's Judicial Preferences, and Plaintiffs do not intend by this request to minimize that obligation. The failure to seek leave before filing the brief was an oversight by counsel, and Plaintiffs respectfully accept responsibility for it.

Plaintiffs nevertheless respectfully request, in light of the unorthodox procedural history of the summary judgment briefing in this matter, that the Court accept Plaintiffs' April 30, 2026 brief, D.E. 141-1, *nunc pro tunc*.

By way of background, Plaintiffs originally filed their motion for summary judgment on February 26, 2026. D.E. 133. The brief filed in support of that motion was the same 46-page brief that Plaintiffs later refiled on April 30, 2026. At the time of the original filing, the Court did not identify the brief as overlength or reject the filing on that basis. To be clear, Plaintiffs do not contend that this excused compliance with L. Civ. R. 7.2(b), and Plaintiffs fully understand that the obligation to comply rested with counsel. Plaintiffs raise this only to explain the good-faith circumstances that led to the April 30 refiling.

Thereafter, the Court administratively terminated Plaintiffs' motion for summary judgment on March 9, 2026 for reasons unrelated to the length of Plaintiffs' brief and set a revised briefing schedule. D.E. 136. Defendants then prepared and filed their opposition and cross-motion on April

Hon. Evelyn Padin, U.S.D.J.
May 6, 2026
Page 2

1, 2026. D.E. 137. The Court later administratively terminated the then-pending motions and, consistent with the parties' proposed schedule, directed Plaintiffs to refile their motion on April 30, 2026, Defendants to refile their opposition and cross-motion on May 1, 2026, and Plaintiffs to file their opposition/reply on May 4, 2026. D.E. 140.

In complying with that schedule, Plaintiffs refiled the same brief on April 30, 2026. D.E. 141-1. Plaintiffs did so because Defendants had already reviewed, opposed, and cross-moved in response to that filing, and Plaintiffs did not want to create confusion or prejudice by substantively altering the summary judgment presentation after Defendants had already prepared their response. Defendants then refiled their cross-motion and opposition on May 1, 2026, D.E. 142, and Plaintiffs filed their opposition/reply on May 4, 2026. D.E. 143.

Thus, the parties have now expended substantial resources briefing the pending dispositive motions based on the same summary judgment submission Plaintiffs initially filed on February 26, 2026. Plaintiffs respectfully submit that permitting the April 30 brief to be accepted *nunc pro tunc* would conserve party and judicial resources, avoid the need for further motion practice or re-briefing, and would not prejudice Defendants, who have already had a full opportunity to respond to the brief and have done so.

Plaintiffs further submit that the requested relief is narrow. Plaintiffs do not seek to add new arguments, revise the substance of their filing, or obtain any strategic advantage. Plaintiffs seek only permission for the Court to consider the entirety of the already-filed brief. The brief is 46 pages, six pages over the 40-page limitation, and the overage arose in the context of dispositive cross-motions addressing a lengthy record and multiple federal constitutional and statutory claims.

Accordingly, while Plaintiffs fully acknowledge the Court's May 5, 2026 Text Order and the importance of L. Civ. R. 7.2(b), Plaintiffs respectfully request that the Court exercise its discretion under L. Civ. R. 83.2(b) and accept Plaintiffs' April 30, 2026 brief, D.E. 141-1, *nunc pro tunc*. Plaintiffs respectfully submit that relaxation of the page limitation in this particular posture would serve the interests of fairness, efficiency, and conservation of resources.

Plaintiffs again apologize to the Court for the oversight and appreciate the Court's consideration of this request. Plaintiffs have conferred with Defendants regarding this request, and Defendants consent to the relief requested herein.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ James DiGiulio*
James J. DiGiulio

cc: All Counsel of Record (via ECF)